## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Voters Alliance, G & J Real Estate, Well Maintained Apartments, Garfield Court Partnership, LLP; Marissa Skaja, and Charles Halverson, | Case No.: 19-CV-358 WMW-HB |
| Plaintiffs, | **PLAINTIFFS MEMORANDUM IN SUPPORT OF THEIR MOTION FOR ATTORNEY FEES, COSTS ND EXPENSES** |
| vs. | |
| The City of Saint Paul, Minnesota, a Minnesota municipality, and the City of Minneapolis, a Minnesota municipality, | |
| Defendants. | |

## INTRODUCTION

Plaintiffs Minnesota Voters Alliance, G & J Real Estate, Well Maintained Apartments, Garfield Court Partnership, LLP; Marissa Skaja, and Charles Halverson, ("Plaintiffs") move for an Order awarding attorney fees and costs under Local Rule 54.03, Federal Rules of Civil Procedure 54, and 42 U.S.C. §§1983 and 1988. The total amount that Plaintiffs are seeking in this motion is **$209,759.96**. The motion seeks recovery of **$196,748.66** for attorney fees, costs and expenses for work through the Court's March 2, 2020 Order for Entry of Judgment plus **$13,011.30** in attorney fees and expenses for work in preparing Plaintiffs' Motion for Attorney Fees and Expenses.

Plaintiffs completely prevailed on the sole substantive relief requested in Plaintiffs' Complaint – a declaratory judgment that Saint Paul City Code § 48.02(a) and

Minneapolis City Code § 244.2000(f) are unconstitutional because they violate the free speech rights of Plaintiffs.

Because Plaintiffs are prevailing parties under 42 U.S.C. §1988 they are entitled to an award of reasonable attorney fees and expenses.

### A.   Summary of Plaintiffs' Fee Application.

Plaintiffs' Motion seeks attorney fees and costs incurred on bringing a motion for summary judgment and defending against two motions for summary judgment. *See, William F. Mohrman Declaration ("Mohrman Declaration").* Plaintiffs' Motion seeks recovery under a lodestar analysis for 434.20 hours in attorney and paralegal time on this case, at prevailing market rates of between $600 to $550 per hour for two attorneys at Mohrman, Kaardal & Erickson, P.A., as well as $230 per hour for one paralegal with over 38 years of experience, for a total of $195,955.50 in attorney fees. *See, Mohrman Declaration at Exhibit 1.* Plaintiffs also seek recovery of $793.16 in costs and expenses. *See, Mohrman Declaration at Exhibit 1.* Finally, Plaintiffs have set forth in a separate billing history the time and expenses incurred in preparing this Motion for Attorney Fees and Costs for which Plaintiffs seeking $12,972.00 in attorney fees and $39.30 in expenses for Pacer charges. *See, Mohrman Declaration at Exhibit 2.*

Thus, the total amount that Plaintiffs are seeking in this motion is $208,927.50 in attorney fees and $832.46 in expenses for a grand total of ***$209,759.96*** in attorney fees and expenses for Plaintiffs as prevailing parties. *See generally, Mohrman Declaration.*

**B.**     **Plaintiffs Are Completely Prevailing Parties Because They Obtained All the Relief Sought in the Complaint.**

Plaintiffs are prevailing parties under 42 U.S.C. §1988 because they "prevailed" on the sole claim for relief made in their Complaint against the Defendants.  A party is the "prevailing party" when it has been "awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). Plaintiffs are undoubtedly prevailing parties under the *Buckhannon* test because this Court held Saint Paul City Code § 48.02(a) and Minneapolis City Code § 244.2000(f) are unconstitutional and entered a permanent injunction prohibiting the enforcement of those Code sections. Moreover, under *Lefemine v. Wideman*, 568 U.S. 1, 5 (2012), a party prevails under §1988 even if only awarded declaratory or injunctive relief and no damages.

**C.**     **Plaintiffs' Fee Application is Reasonable**.

Under 42 U.S.C. §1988(b), the Court may allow reasonable attorney's fees to a party that prevails in an action to enforce §1983. Here, Plaintiffs prevailed on their sole claim for relief in a case of nationwide significance: a declaratory judgment and injunction prohibiting enforcement of the Cities respective Code sections requiring landlords to engage in compelled speech.  The Eighth Circuit has held this Court should start its analysis in assessing attorney fees by determining the lodestar, which is "calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.,* 295 F.3d 849, 851 (8th Cir.2002).

3

### 1.   Section 1988 Lodestar Analysis.

The "centerpiece of [calculating] attorney fee awards" is the lodestar approach. *Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989) (1989). The starting point in determining a "reasonable fee" under the lodestar analysis is calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). This calculation is presumed to be reasonable. *City of Riverside v. Santos,* 477 U.S. 561, 568 (1986); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010).

Nonetheless, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry." *Hensley,* 461 U.S. at 434. A court must take other factors into consideration, including the important factor of the results obtained in light of the plaintiff's litigation objectives. *Id.* However, the most important factor in determining the reasonableness of the attorney fee request is the magnitude of plaintiff's success. *Jenkins v. Missouri,* 127 F.3d. 709, 716 (8th Cir. 1997).

Finally, the Supreme Court and the Eighth Circuit have held that the reasonable hourly rate should be calculated at the time of judgment – not at the time the complaint was filed – *i.e.,* courts should use the ***current*** prevailing market rate rather than the historical market rate in the lodestar calculation. *Missouri v. Jenkins by Agyei,* 491 U.S. 274, 282–83 (1989).

4

### a.       **Reasonable Hourly Rate**.

Calculating reasonable fees under the §1988 lodestar analysis to determine hourly rates is based on the "prevailing market rates in the relevant community," *Blum v. Stenson,* 465 U.S. 886, 895 (1984), and not the prevailing attorney's regularly hour billing rate. *McDonald v. Armontrout,* 860 F.2d 1456, 1459 (8th Cir. 1988); *See also Moysis v. DTG Datanet,* 278 F.3d 819, 828 (8th Cir. 2002) (finding that a counsel's customary rate might be some evidence of a reasonable rate, but was not controlling, and raising attorney's regular hourly rate 50% greater to meet then comparable prevailing market rates.)

The importance of awarding attorney fees that are competitive in the prevailing market in civil rights cases is embodied in this Court's holding that the amount of the reasonable fee in First Amendment litigation is not "a fee that is sufficient to induce a capable attorney to undertake child's play: 'It is intended that the amount of fees awarded under [42 U.S.C.] §1988 be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases ....'" *Casey v. City of Cabool*, 12 F.3d 799 at 805 (8th Cir. 1993) (quoting S. Rep. No. 1011, 94th Cong., 2nd Sess. 5 (1976) (Amendment of 42 U.S.C. §1988).

The best guidance for the Court to calculate a reasonable fee award is to determine the "prevailing market rate," through satisfactory evidence in addition to the attorney's own affidavit with those by lawyers with comparable skill, experience, and reputation. *Blum*, 465 U.S. at 896.

When the attorney seeking fees has carried the burden of establishing the claimed hourly rate and hours are reasonable, the end product is presumed to be the fee contemplated under 42 U.S. C. § 1988. *Id.* at 897. Further, legal assistant (paralegal) time is recoverable at prevailing market rates. *Jenkins by Agyei,* 491 U.S. at 285-88.

Plaintiffs seek reimbursement for the work of two attorneys and one paralegal as set forth in the table below:

| Attorney/Paralegal | Law School Graduation | Years Practicing | Market Hourly Rate |
|---|---|---|---|
| William F. Mohrman | 1985 | 34.5 years | $600.00 |
| Erick G. Kaardal | 1992 | 27.5 years | $550.00 |
| John E. Grzybek – paralegal | 1989 | 36.5 years | $230.00 |

*See, Mohrman Declaration, ¶9-17.*

The rates requested for the individual attorneys are reasonable.  First, Mr. Mohrman and Mr. Kaardal were lead counsel in *Republican Party of Minnesota v. White* before the Eighth Circuit and Supreme Court.  *See, Mohrman Declaration, ¶¶ 12, 14 and 32.*  More recently, Mr. Mohrman and Mr. Kaardal were lead counsel in *Minnesota Voters All. v. Mansky*, 138 S. Ct. 1876, 1880 (2018), a 42 U.S.C. §1983 First Amendment free speech case in which the firm obtained a 7-2 decision from the Supreme Court striking down Minn. Stat. §211B.11.  In *Mansky,* Mr. Mohrman and Mr. Kaardal successfully petitioned the Eighth Circuit for an award of attorney fees and costs of $419,498.62.  *See, Eighth Circuit Order attached to the Mohrman Declaration as Exhibit*

*16.* In the application to the Eighth Circuit,[1] Mr. Mohrman sought a reasonable hourly rate of $575, Mr. Kaardal sought a reasonable hourly rate of $525 and Mr. Grzybek sought a reasonable hourly rate of $225. None of the Defendants objected to the hourly rates of Mr. Mohrman, Mr. Kaardal and Mr. Grzybek in *Mansky* and the Eighth Circuit implicitly approved these rates. The Eighth Circuit awarded Mohrman, Kaardal & Erickson, P.A. $412,941.03 - only a 1.81% reduction of the amount sought. *See, Mohrman Declaration, ¶30.*

Mr. Mohrman's and Mr. Kaardal's legal experience and acumen has advanced in the past nineteen months and the prevailing market rate has risen commensurately. *See, Mohrman Declaration, ¶11.*

Moreover, a recent U.S. District Court for the District of Minnesota decision on an attorney fee application approved hourly rates at $575 and above for attorneys with experience similar to Mr. Mohrman and Mr. Kaardal. As detailed in the Mohrman Declaration, this Court recently approved a prevailing market rate under the lodestar method of $575 per hour for an attorney with 33 years of experience and $525 per hour with 24 years of experience. *Harris v. Chipotle Mexican Grill, Inc.*, 13-CV-1719 (SRN/SER), 2018 WL 617972, at *8 (D. Minn. Jan. 29, 2018). *See, Mohrman Declaration, Exhibit 8.* In addition, six years ago in *Owner Operator Indep. Drivers Ass'n, Inc. v. Supervalu, Inc.,* CIV. 05-2809 (JRT/JJG), 2012 WL 6760098 (D. Minn. 2012), the Court opined that "rates as high as $600 per hour for senior, experienced

---

[1] Attorney Fee Motions in the Eighth Circuit are called "applications."

attorneys have recently been approved by the courts of Minnesota." *Owner Operator Indep. Drivers Ass'n, Inc.*, at \*7. *See, Mohrman Declaration, Exhibit 4.* In addition, a recent case approved an hourly rate of $650 per hour for a senior attorney. *In re RFC,* 399 F. Supp. 3d 827, 848 (D. Minn. 2019).

Indeed, Judge Donovan Frank approved a reasonable hourly rate of $600 per hour for a local Minneapolis attorney with the same number of years of experience as Mr. Mohrman – ***in 2011***. *Madison v. Willis*, CIV. 09-930 DWF/AJB, 2011 WL 851479 (D. Minn. Mar. 9, 2011). *Madison v. Willis is attached to the Mohrman Declaration, Exhibit 5.*

Notably, at the conclusion of a recent class action in Hennepin County District Court, *Flores, et al v. Zorbalas, et al,* Case No. 27-CV-16-14225, the plaintiffs' attorneys, Faegre Baker Daniels, moved for an award of attorney fees based on Defendants breaching a settlement agreement. Faegre filed a declaration from attorney Michael Cockson setting forth the hourly rates Faegre argued were reasonable in its lodestar fee motion. Mr. Cockson, with 22 years of experience, sought a rate of $760 per hour. Mr. James Volling, with 42 years of experience, sought $935 per hour. Mr. Nicholas Zylstra, with 18 years of experience, sought $570 per hour. *See Mohrman Declaration at Exhibit 14.* The District Court approved these hourly rates. *See Mohrman Declaration at Exhibit 13.*

Thus, based on recent Minnesota District Court decisions, Mr. Mohrman's requested rate of $600 per hour with 34.5 years of experience and Mr. Kaardal's requested rate of $550 per hour with 27.5 years of experience fits comfortably within the

rates recently approved by the U.S. District Court for the District of Minnesota.

Moreover, these rates represent an annual increase of only 2.84% form the rates the

Eighth Circuit approved in *Mansky* based on a fee application filed nineteen months ago.

Since that time, a survey conducted by the *American Lawyer* found that billing rates

increased by an average of 4.5% in 2019. *See, American Lawyer article attached to the*

*Mohrman Declaration as Exhibit 17.*

Finally, Plaintiffs are seeking a $230 per hour reasonable hourly rate for its

paralegal Mr. John Grzybek. Mr. Grzybek began his career as a paralegal at Faegre &

Benson in 1979 and has worked as a paralegal for over 29 years. In addition, Mr.

Grzybek graduated from the University of Vermont Law School in 1989 and practiced

law as an attorney for approximately 10 years. The U.S. District Court for the District

of Minnesota approved an hourly rate of $215 per hour for a paralegal for work six

years ago in 2012 with only 30 years of experience *of solely paralegal experience.*

*Ewald v. Royal Norwegian Embassy*, 11-CV-2116 SRN/SER, 2015 WL 1746375, at *6

(D. Minn. Apr. 13, 2015). Increasing the hourly rate in 2012 from $215 per hour to

$230 is an 8.5% increase over seven years or annual increase of 1.2%. Moreover, as set

forth above, Mohrman, Kaardal & Erickson sought $225 per hour for Mr. Grzybek in

the *Mansky* case and defendants in that case did not object to, and the Eighth Circuit did

not reduce, this hourly rate in its Order and, based on the amount the Eighth Circuit

awarded, the Eighth Circuit awarded this hourly rate. Finally, in the *Flores* case cited

above, Faegre sought $300 per hour for "research librarians" and the Court found this

amount reasonable. The $230 per hour rate for Mr. Grzybek is a reasonable hourly rate.

Plaintiffs' fee requests are also supported by the Declaration of Mr. Dan Biersdorf, a prominent attorney in private practice in the Minneapolis market with comparable skill and experience. Mr. Biresdorf has over 40 years of experience in the Minneapolis/St. Paul market billing and collecting hourly attorney fees from clients.  Mr. Biersdorf is currently sole shareholder of Biersdorf & Associates, P.A., a nationwide eminent domain law firm in Minneapolis.  Mr. Biersdorf testifies, based on his own specific knowledge and experience not only with his own law firm's rates but also the hourly rates of competing law firms in the Minneapolis market, that the hourly rates Plaintiffs request for their attorneys set forth in the table above are well within the range of *current* market rates in Minneapolis for specialized litigation including complex civil rights litigation such as Plaintiffs' case.  In addition, Mr. Biersdorf testifies that he is familiar with the work of some or all of the attorneys in the case and their reputation in the Minneapolis market and, based on this knowledge, the rates requested above are reasonable for the attorneys based on their skill and reputation. Finally, Mr. Biersdorf testifies to the complex nature of such litigation.

Plaintiffs' attorney's hourly rates should be approved as the prevailing market rate for First Amendment civil rights work in the Minneapolis area.

### b.      Reasonable Amount of Hours Expended.

The second step of the lodestar analysis is to determine the number of hours reasonably expended on the matter.  The burden is on the applicant to present to the Court "evidence of the hours worked" "identifying the general subject matter of his time expenditures."  *Hensley,* 461 U.S. at 433, 437 n. 2. However, the attorney "is not required

to record in great detail how each minute of his time was expended." *Id.,* at 437 n. 2.

The key is that the attorney submitting the fee request is to exercise "billing judgment" to

exclude hours that are "excessive, redundant or otherwise unnecessary." *Id.,* at 434.

As set forth in the Mohrman Declaration, Mr. Mohrman went through the entire

billing history report of 188 time entries for Mohrman, Kaardal & Erickson's work on

this case and reviewed every time entry to determine if the time charged was "excessive,

redundant, [duplicative] or otherwise unnecessary." *See, Mohrman Declaration, ¶¶36-*

*38.* To begin, every attorney and paralegal at Mohrman, Kaardal & Erickson is expected

to make contemporaneous time entries for the work that they perform each day and

exercise billing judgment at that time to reduce or eliminate time entries which would be

"excessive, redundant, [duplicative] or otherwise unnecessary." *See, Mohrman*

*Declaration, ¶38.* Consistent with Mohrman, Kaardal & Erickson's billing practices,

each of the attorneys and paralegals who performed work on these appeals recorded their

time contemporaneously on the day the work was performed. *See, Mohrman Declaration,*

*¶34.*

Second, Plaintiffs' attorneys engaged in no "block billing" and billed in 1/10th of

an hour increments. *See, Billing History Report attached to the Mohrman Declaration as*

*Exhibit 1 and ¶¶32, 38.*

Third, if Mr. Mohrman believed that a time entry recorded by an attorney was

"excessive, redundant, [duplicative] or otherwise unnecessary", Mr. Mohrman, in the

exercise of billing judgment, would reduce the time incurred on each slip as "Do Not Bill

Time." For instance, if an attorney spent 5.6 hours drafting a section of a brief and Mr.

Mohrman concluded that only 3.6 hours should have been spent drafting that section of

the brief, Mr. Mohrman would mark "2.0" hours in the "Do Not Bill Time" section of the

time-slip. This would result in the time-slip would now show 3.6 hours in billable time

on the Billing History Report. *See, Mohrman Declaration, ¶38.*

As a result of these reductions, Mr. Mohrman reduced 30.50 hours for a total of

$11,688 in further attorney fee reductions. The $11,688 in time reductions *are* included

in the $195,955.50 in total attorney fees sought in this case – the reductions are already

incorporated into the Billing History Report attached as Exhibit 1 to the Mohrman

Declaration. *See, Mohrman Declaration, ¶38.*

In addition to the general law on the reasonableness of the hours expended, a few

additional points are worth noting. The greatest area of concern in exercising billing

judgment on §1988 requests is for the attorney to remove time entries spent on claims for

which the party did not prevail. *Hensley,* 461 U.S. at 433, 437 n.2. However, in this case,

Plaintiffs prevailed on all of their claims – therefore, there was not removal of any such

time entries because no such time entries existed.

Courts have also identified several other factors in determining the reasonableness

of a §1988 attorney fee application. To begin, the Eighth Circuit has held that a factor in

examining the amount of time expended in a First Amendment case is whether the case

will benefit the public generally. *Jaquette v. Black Hawk County, Iowa*, 710 F.2d 455,

461 (8th Cir. 1983). There is no question that Plaintiffs' case will benefit the public

generally because the City of St. Paul and the City of Minneapolis are prevented from

forcing citizens to engage in speech those citizens do not want to engage in–a core

premise underlying the First Amendment.  The *Jacquette* court also noted that an

appraisal that the time spent by plaintiff's counsel was "not reasonably expended turns on

so many subjective factors that it seldom should be the basis for a reduction of an

attorneys fee."  *Jaquette,* 710 F.2d at 461.

Because of the legal and factual complexity of civil rights litigation, courts also

understand that extensive legal research is necessary in order that the client's case can be

properly prepared. *Tomazzoli v. Sheedy,* 804 F.2d 93, 97-98 n.5 (7th Cir. 1986).  This

factor is particularly relevant here.  As set forth above, this case involved a significant

issue of first impression not only in this court but nationwide: whether landlords can be

compelled to deliver to tenants a political message the government wants conveyed to the

tenants.

In this case, Plaintiffs are claiming 434.20 hours in attorney time reasonably

expended.  *Mohrman Declaration, ¶38.*[2]  William F. Mohrman reviewed the time records

in preparing this Motion in order to remove time which was excessive or duplicative.

*Mohrman Declaration, ¶¶38.* The amount of time reduced from the records totals 30.50

hours for a total of $11,688 in further attorney fee reductions.

Plaintiffs anticipate that the Respondents will argue that the amount of time spent

researching various issues was excessive. Plaintiffs will again point out that this was a

significant case of first impression anywhere in the United States.  First, this case will

have statewide and nationwide impact.  *See, Mohrman Declaration at ¶43.*  As detailed

---

[2] As set forth in the *Mohrman Declaration at ¶38*, these 30.50 hours are not included in the 434.20 hours reflected in Exhibit 1.

in the memoranda Plaintiffs submitted to this Court, this case involved cities compelling

property owners to deliver a government approved political message to others in their

respective cities.

Second, with respect to the substantive First Amendment free speech issue, i.e.,

whether cities can compel landlords to deliver an ostensibly political message, was also

an issue of first impression with not only very little analogous case law on point.  *See,*

*Mohrman Declaration at ¶43.*  Again, because of the dearth of supporting case law,

Plaintiffs were required to conduct extensive legal research in their efforts to convince

this Court to take this case and rule in Plaintiffs' favor.

Finally, Plaintiffs request the Court compare Plaintiffs' fee application in this case

with the fee application Faegre submitted in *Flores*.  In *Flores*, Faegre billed over

$160,000 for working two weeks in dealing with the *Flores* defendants' breach of a

settlement agreement – the most uncomplicated of legal matters.  *Flores, et al v.*

*Zorbalas, et al,* Case No. 27-CV-16-14225. Plaintiffs' here are seeking $195,955.50 for

working on First Amendment civil rights action from beginning to end over the course of

18 months.

These factors demonstrate that Plaintiffs' attorney hours should be approved as set

forth in the Billing History Reports attached to the Mohrman Declaration.

### 2.  Fees and Expenses Incurred to Prepare Plaintiffs' Attorney Fee Motion.

Plaintiffs obviously had to prepare this Motion for Attorney Fees and Expenses.

Attached to the Mohrman Declaration as Exhibit 2 is the Billing History Report for the

attorney time and expenses for preparing this motion.  Once again, as Mr. Mohrman

testifies, he reviewed the entries and exercised billing judgment.  Mr. Mohrman removed

or reduced 6.60 in hours totaling $3,960.00 in attorney fees.  *See, Mohrman Declaration,*

*¶¶43-44.*  The total amount time sought for reimbursement is 23.10 hours totaling

$12,972.00 in attorney fees and $39.30 in pacer charges.  Thus, the total amount sought

for preparing this attorney fee motion is $13,011.30. *See, Mohrman Declaration, ¶44.*

    **D.**    **Plaintiffs' Are Entitled to Interest on Any Judgement the Court Enters on Plaintiffs' Attorney Fee Motion.**

Under 28 U.S.C. §1961 (a), Plaintiffs are also entitled to post judgment interest on

the award of attorney fees.  Pursuant to 28 U.S.C. §1961 (a), Plaintiffs are entitled to the

weekly average of the one year treasury rate announced by the Board of Governors of the

Federal Reserve Bank the week preceding the entry of judgment by this Court.

**CONCLUSION**

For the reasons set forth above, Plaintiffs request that the Eighth Circuit grant their

Motion for Attorney Fees and Non-Taxable Costs and Expenses in the total amount of

**$209,759.96**.

DATED:  May 18, 2020        **MOHRMAN, KAARDAL & ERICKSON, P.A.**
                                          */s/William F. Mohrman*
                                          William F. Mohrman, MN Atty No. 168816
                                          Erick G. Kaardal, MN Atty No. 229647
                                          Mohrman, Kaardal & Erickson, P.A.
                                          150 South Fifth Street, Suite 3100
                                          Minneapolis, Minnesota 55402
                                          Telephone: 612 341-1074
                                          Facsimile: 612-341-1076
                                          Email: mohrman@mklaw.com
                                          *Attorneys for the Plaintiffs*