# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Voters Alliance, G & J Real Estate, Well Maintained Apartments, Garfield Court Partnership, LLP; Marissa Skaja, and Charles Halverson,<br><br>                    Plaintiffs,<br><br>vs.<br><br>The City of Saint Paul, Minnesota, a Minnesota municipality, and the City of Minneapolis, a Minnesota municipality,<br><br>                    Defendants. | Case No.: 19-CV-358 WMW-HB<br><br>**WILLIAM F. MOHRMAN DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS AND EXPENSES** |

I, William F. Mohrman, make the following declaration under 28 U.S.C. §1746:

1.     I am a 33.33% shareholder and founding shareholder of Mohrman, Kaardal & Erickson, P.A., a law firm located in downtown Minneapolis, Minnesota.

2.     I have been in engaged in the private practice of law in the Minneapolis market since 1985.

3.     I am submitting this Declaration in Support of Plaintiffs Minnesota Voters Alliance, G & J Real Estate, Well Maintained Apartments, Garfield Court Partnership, LLP; Marissa Skaja, and Charles Halverson's ("Plaintiffs") Motion for Attorney Fees pursuant to 42 U.S.C. §1988 as a result of their success in the above captioned action.

4.     Attached as Exhibit 1 to this Declaration is Mohrman, Kaardal & Erickson's Billing History Report for its attorney time in representing Plaintiffs in this action. This Billing History Report is the document our firm generates from its time and billing

software package, TimeSlips, for presenting our firm's time and expenses on attorney fee motions to a court. Exhibit 1 contains both attorney time and expenses.

5. Attached as Exhibit 2 to this Declaration is Mohrman, Kaardal & Erickson's Billing History Report from TimeSlips for its representation of Plaintiffs after this Court's March 2, 2020 Order encompassing the making of Plaintiffs' Motion for Attorney Fees and expenses. Exhibit 2 contains both attorney time and expenses.

6. This Declaration will set forth the facts supporting Plaintiffs' Motion for Attorney Fees and Expenses. I have knowledge of the facts supporting this application for fees and expenses.

7. Plaintiffs filed this action seeking a declaratory judgment that the Defendants' ordinances compelling landlord speech violate Plaintiffs' First Amendment right to free speech.

8. Mohrman, Kaardal & Erickson's practice focuses on representing small, medium, and large business interests as well as individuals with legal needs. In addition, Mohrman, Kaardal & Erickson has a recognized specialty in handling complex constitutional civil rights litigation as well as complex appellate work. Attached as Exhibit 3 is a listing of significant constitutional and appellate cases attorneys in our firm have handled.

9. With respect to my own background, I graduated from the University of Colorado, *cum laude,* with a degree in political science in 1982. I graduated from the University of Colorado School of Law in 1985 earning an Order of the Coif (top 10% of the class). I began practicing law in the fall of 1985. I started as an associate attorney with Faegre &

Benson.  I then joined Winthrop & Weinstine, P.A. as an associate attorney in St. Paul in 1987.  I then joined Felhaber, Larson, Fenlon & Vogt in 1992 as an associate attorney and became a shareholder with Felhaber in 1994.  In 1998, I started my own practice, Mohrman & Company, P.A.  In 2000, Erick G. Kaardal joined me as a partner changing the name of the firm to Mohrman & Kaardal, P.A.  In 2013, Gregory M. Erickson, a former partner at the Rider Bennett law firm, joined Mr. Kaardal and I as a shareholder and the name of the firm changed again to Mohrman, Kaardal & Erickson, P.A.

10.     My practice focuses on litigation at both the trial and appellate level.  While the primary focus of my practice has been on business litigation, a significant part of my practice has included representing individuals and organizations in constitutional and civil rights litigation in various state and federal courts, including election law cases. Attached as Exhibit 3 is a list of constitutional and appellate cases either I or my partner Erick G. Kaardal have worked on.

11.     Between Mr. Kaardal and myself, we have been involved in over 160 state and federal court cases and appeals. In most cases, when involved in constitutional or statutory interpretative contests whether completely successful or not, the results have either moved the law or developed or clarified legal principles to some degree for the benefit of the profession and notably, the people. For instance, excluding the U.S. Supreme Court in *Mansky*, in the last 19 months Mr. Kaardal has been before the Minnesota Supreme Court three times, the Minnesota Court of Appeals more than eight times, the Federal Court of Appeals twice, and the Court of Appeals for the Eighth Circuit at least three times: *E.g., Save Lake Calhoun v. Strommen*, A18-1007, 2020 WL

2465541, at *1 (Minn. May 13, 2020); *Cilek v. Off. of Minnesota Sec. of State,* 941 N.W.2d 411 (Minn. 2020); *De La Fuente v. Simon,* 940 N.W.2d 477 (Minn. 2020); *LaBatte v. U.S.,* 142 Fed. Cl. 425 (Fed. Cl. 2019); *LaBatte v. U.S.,* 899 F.3d 1373 (Fed. Cir. 2018).

12.     One case deserves special emphasis. I acted as lead counsel to judicial candidate Gregory J. Wersal in *Republican Party of Minnesota, Gregory J. Wersal, et al v. White,* the first Supreme Court case to address the First Amendment free speech rights of judicial candidates. As a result of my work on the *White* case, I was named an "Attorney of the Year" in 2002 by the Minnesota Lawyer, Minnesota's preeminent legal newspaper. In addition, I have represented a candidate accused of making false statements during a campaign in *Weinblatt v. Battaglia*, an administrative law proceeding involving the 2004 election for Minnesota's 4th Congressional District. I have also represented Prof. Teresa Collette, a law professor at St. Thomas University School of Law, in conjunction with a claim made against Prof. Collette in the Office of Administrative Hearings under Minn. Stat. §211B.06 during the 2010 election cycle. I also represented Plaintiffs in *281 Care Comm. v. Arneson*, 638 F.3d 621, 625 (8th Cir. 2011) and *281 Care Comm. v. Arneson*, 766 F.3d 774, 778–79 (8th Cir. 2014) where the Eighth Circuit found parts of Minn. Stat. §211B.06 unconstitutional. Finally, I represented Plaintiffs in *Minnesota Majority v. Mansky*, 62 F. Supp. 3d 870 (D. Minn. 2014), affirmed by *Minnesota Majority v. Mansky*, 849 F.3d 749 (8th Cir. 2017) and reversed by *Minnesota Voters All. v. Mansky*, 138 S. Ct. 1876 (2018) in which the U.S. Supreme Court issued a decision finding that part of Minn. Stat. §211B.11 subd. 1 *facially* violated the First Amendment free speech guarantee of

the U.S. Constitution.

13. I have previously been an adjunct professor at the University of St. Thomas School of Law in Minneapolis where I taught a course entitled "First Amendment – Free Expression."

14. With respect to Mr. Erick G. Kaardal, Mr. Kaardal attended Harvard College on a U.S. Army Reserve Officer Training Corps scholarship. Mr. Kaardal graduated from Harvard College in 1988 with *magna cum laude* honors in economics. At the same time, he was commissioned as a Second Lieutenant in the U.S. Army Reserves. Mr. Kaardal enrolled at the University of Chicago Law School while fulfilling his commitments in the U.S. Army Reserve.  Mr. Kaardal graduated from the University of Chicago Law School in 1992.  Mr. Kaardal began his legal career at Faegre & Benson LLP in Minneapolis in 1992 as an associate attorney.  Mr. Kaardal went on to work at Trimble & Associates in the Minneapolis area as an associate attorney.  Trimble & Associates represented the Republican Party of Minnesota during the latter part of the 1990's and it is my understanding that Trimble & Associates is involved in representing political parties and public interest groups.  In 2000, Mr. Kaardal joined me as a shareholder in forming Mohrman & Kaardal, P.A.  Mr. Kaardal's background and experience as an appellate attorney are represented in the cases attached as Exhibit 3.  However, a couple of cases are worthy of note.  First, Mr. Kaardal was the lead counsel to the Republican Party of Minnesota in the *Republican Party of Minnesota v. White* while at Trimble & Associates. In fact, Mr. Kaardal wrote the first Complaint in the case and crafted many of the legal theories.  Second, Mr. Kaardal represented the Minnesota Legislators in a case involving

5

the titles of proposed constitutional amendments to define marriage and to require more stringent voter identification -- successfully arguing the case to the Minnesota Supreme Court, *Limmer, et al v. Ritchie, et al,* Case No. A12-1149. Finally, Mr. Kaardal was also counsel on *281 Care Comm. v. Arneson*, 766 F.3d 774, 778–79 (8th Cir. 2014) and *Minnesota Voters All. v. Mansky*, 138 S. Ct. 1876 (2018).

15. Finally, Mohrman, Kaardal & Erickson also utilized the services of John Grzybek, a paralegal in our offices. Mr. Grzybek has been employed with Mohrman, Kaardal & Erickson since 2005 as a paralegal. Mr. Grzybek graduated from Central Connecticut State College in 1977 with a degree in political science and history. Mr. Grzybek then attended Adelphi University in New York and obtained a degree in the legal assistant program in 1979. Mr. Grzybek started as paralegal with Faegre & Benson in 1979 where he worked as a paralegal from 1979 to 1986. Mr. Grzybek then obtained a law degree from Vermont Law School in South Royalton, Vermont in 1989. Mr. Grzybek moved back to Minnesota and practiced law in Minnesota from 1989 through 1993. From 1993 to 2005, Mr. Grzybek had his own business advising small businesses and non-profits. In 2005, Mr. Grzybek joined Mohrman, Kaardal & Erickson, P.A. as a paralegal and has worked as a paralegal for Mohrman, Kaardal & Erickson, P.A. continuously since 2005.

16. The services performed in this case, which are listed in the Billing History Reports attached as Exhibits 1 and 2, were reasonably and necessarily performed by Mohrman, Kaardal & Erickson in representing Plaintiffs.

17. Furthermore, the rates billed for the services performed by the attorneys at Mohrman, Kaardal & Erickson in the above captioned appeal are accurately listed in

Exhibits 1 and 2 according to each service that was performed on Plaintiffs' behalf. The rates charged reflect the current prevailing market rate for these attorneys and paralegals for performing complex constitutional litigation on comparable cases in the Minneapolis market for attorneys with comparable skill, experience and reputation. The rates are $600.00 per hour for myself, $550.00 per hour for Mr. Kaardal, and $230.00 per hour for paralegal Mr. John Grzybek.

18.   In order to provide evidentiary support for our argument that the rates set forth above are the prevailing reasonable market rates for the attorneys and paralegals, we obtained the Declaration of Dan Biersdorf, the founding partner of Biersdorf & Associates, P.A., a prominent law firm in the Minneapolis/St. Paul market who has litigated in the Minneapolis/St. Paul market for over 40 years, testifying that the rates set forth above are the prevailing reasonable market rates for the attorneys at Mohrman, Kaardal & Erickson, P.A. In addition, I have attached as Exhibits 4 through 11 which are recent Minnesota federal court decisions approving attorney fee applications.

19.   Attached as Exhibit 4 is *Owner Operator Indep. Drivers Ass'n, Inc. v. Supervalu, Inc.,* CIV. 05-2809 (JRT/JJG), 2012 WL 6760098 (D. Minn. 2012), a U.S. District Court for the District of Minnesota decision ruling on reasonable hourly rates in the Minneapolis/St. Paul market over six years ago. Using the lodestar analysis in a case involving a statutory insurance claim, U.S. District Court Judge Tunheim, relying on Affidavit of Timothy R. Schupp, approved a prevailing market rate of $495 per hour six years ago for attorneys with only 23 years of experience. In addition, *Owner Operator Indep. Drivers Ass'n, Inc.* also found six years ago that $435 per hour was a reasonable

prevailing market rate for an attorney with only 12 years of experience. Finally, *Owner Operator Indep. Drivers Ass'n, Inc.* held that "rates as high as $600 per hour for senior, experienced attorneys have recently been approved by the courts of Minnesota." *Owner Operator Indep. Drivers Ass'n, Inc.*, at *7. Again, *Owner Operator Indep. Drivers Ass'n, Inc.* was decided six years ago.

20.  Attached as Exhibit 5 is *Madison v. Willis,* No. 09–930, 2011 WL 851479, (D. Minn. Mar. 9, 2011), a U.S. District Court for the District of Minnesota decision ruling on reasonable hourly rates in the Minneapolis/St. Paul market over seven years ago. In *Madison,* U.S. District Court Judge Donovan Frank held that "$600 per hour is the upper end of what is reasonable in the prevailing community" in Minneapolis/St. Paul. *Madison v. Willis,* No. 09–930, 2011 WL 851479, at * 1 & n. 4 (D. Minn. Mar. 9, 2011).

21.  Attached as Exhibit 6 is *Rosen v. Wentworth*, CIV. 12-1188 ADM/FLN, 2014 WL 1384084 (D. Minn. 2014), a U.S. District Court for the District of Minnesota decision ruling on reasonable hourly rates in the Minneapolis/St. Paul market over four years ago. In *Rosen,* U.S. District Court Judge Ann Montgomery awarded a $450 per hour rate for an attorney with over 20 years of experience in the Minneapolis/St. Paul market. Moreover, U.S. District Court Judge Ann Montgomery approved a prevailing hourly rate in the Minneapolis/St. Paul market of $225 per hour for an attorney with less than three years of experience who graduated from law school the same year as Mr. Dickey.

22.  Attached as Exhibit 7 is *King v. Turner,* 05–CV–0388 (JRT/FLN), 2007 WL 1219308, (D. Minn. Apr. 24, 2007), a U.S. District Court for the District of Minnesota decision ruling on reasonable hourly rates in the Minneapolis/St. Paul market over eleven

years ago. In *King,* the Court approved a rate of $500 per hour as a prevailing hourly rate for an attorney in Minneapolis/St. Paul market with 30 years of experience. Again, *King* was decided over eleven years ago.

23. Attached as Exhibit 8 is *Harris v. Chipotle Mexican Grill, Inc.*, 13-CV-1719 (SRN/SER), 2018 WL 617972, (D. Minn. Jan. 29, 2018), a very recent 2018 U.S. District Court for the District of Minnesota decision ruling on reasonable hourly rates in the Minneapolis/St. Paul market. In *Harris,* Judge Susan Nelson approved a prevailing market rate under the lodestar method of $575 per hour for attorneys with 33 and 35 years of experience and $525 per hour with 24 years of experience. *Harris v. Chipotle Mexican Grill, Inc.*, 13-CV-1719 (SRN/SER), 2018 WL 617972, at *8 (D. Minn. Jan. 29, 2018). In addition, Judge Susan Nelson in *Harris* also approved a reasonable hourly rate of $300 per hour for an attorney with only four years of experience. The hourly rates Mohrman, Kaardal & Erickson are seeking in this motion are fully consistent with Judge Nelson's ruling in *Harris.*

24. Attached as Exhibit 9 is *Ewald v. Royal Norwegian Embassy*, 11-CV-2116 (SRN/SER), 2015 WL 1746375, at *6 (D. Minn. Apr. 13, 2015), a U.S. District Court for the District of Minnesota decision ruling on reasonable hourly rates in the Minneapolis/St. Paul market over three years ago. In *Ewald,* the U.S. District Court for the District of Minnesota approved an hourly rate of $215 per hour for a paralegal for work performed in 2012 where the paralegal had only 30 years of *solely paralegal experience*. *Ewald v. Royal Norwegian Embassy*, 11-CV-2116 SRN/SER, 2015 WL 1746375, at *6 (D. Minn. Apr. 13, 2015). As set forth above, Mohrman, Kaardal &

Erickson's paralegal, Mr. Grzybek, is a graduate of the University of Vermont School of Law and over 35 years of experience as paralegal and an attorney.

25. Attached as Exhibit 10 is *In re RFC,* 399 F. Supp. 3d 827, 848 (D. Minn. 2019). In Finally, *In re RFC,* Judge Susan Nelson approved an hourly rate of $650 per hour for a senior attorneys at Quinn Emanuel.

26. As set forth above, attached as Exhibit 5 is a copy of *Madison v. Willis*, CIV. 09-930 DWF/AJB, 2011 WL 851479 (D. Minn. Mar. 9, 2011) in which Judge Donovan Frank approved an hourly rate of $600 per hour for a senior attorney in Minneapolis. Attached as Exhibit 11 is the Affidavit of Ryan Vettleson in support of that motion. In addition, attached as Exhibit 12 is a copy of Eric Hageman's Affidavit opining that Robert Bennett's reasonable hourly rate in *Madison* on December 22, 2010 was $600 per hour. According to the Minnesota Office of Lawyer's Professional Responsibility, Mr. Bennett was admitted to the Minnesota Bar in October, 1976. I was admitted to the Minnesota Bar in October, 1985. I currently have the same years of experience as Mr. Bennett had in 2011 when the Court approved his hourly rate at $600 per hour.

27. Finally, attached as Exhibit 13 is copy of the Fourth Judicial District Order filed on May 16, 2019, in *Flores, et al v. Zorbalas, et al,* Case No. 27-CV-16-14225. At issue in this Order was Faegre Baker Daniel's (n/k/a Faegre Drinker) motion for attorney fees related to the Defendants' breach of a settlement agreement. Faegre's motion was based on the lodestar method. In her Order, Judge Mary Vasaly specifically found that the rates Faegre sought were reasonable. Attached as Exhibit 14 is a copy of the declaration of Michael Cockson, a partner with Faegre. In the declaration, Mr. Cockson opines that the

10

following rates he and his colleagues sought were reasonable:

| Mr. James Volling | 42 years of experience | $930 per hour |
|---|---|---|
| Mr. Cockson | 22 years of experience | $760 per hour |
| Mr. Nicholas Zylstra | 18 years of experience | $570 per hour |
| Research Librarians | Unknown experience | $300 per hour |

28. Judge Vasaly specifically found that these rates are reasonable in the Minneapolis St. Paul legal market.

29. Attached as Exhibit 15 is a copy of the Eighth Circuit's Order in *281 Care Committee v. Arneson*, Case No. A13-1229, Order (Sept. 16, 2014) granting the *281 Care Committee* Plaintiffs' motion for attorney fees. I filed the motion in *281 Care Committee* on behalf of the *281 Care Committee* Plaintiffs. In that attorney fee motion, filed over four years ago, we sought a reasonable hourly rate of $495 per hour for myself and $475 per hour for Mr. Kaardal. The total attorney fees sought in that motion was $206,577. The Eighth Circuit, in its October 15, 2014 Order, awarded Plaintiffs $185,000 for their attorney fees in a one paragraph Order.

30. Attached as Exhibit 16 is a copy of the Eighth Circuit's Order in *Minnesota Majority v. Mansky*, Case No. 15-1682, Order (Jan. 8, 2019) granting the *Minnesota Majority* Plaintiffs' motion for attorney fees. I filed the motion in *Minnesota Majority* on behalf of the *Minnesota Majority* Plaintiffs. In that attorney fee motion, filed twenty months ago, we sought a reasonable hourly rate of $575 per hour for myself, $525 per

hour for Mr. Kaardal and $225 for Mr. Grzybek. The total attorney fees and expenses sought in that motion was $419,498.62. The Eighth Circuit, in its January 8, 2019 Order, awarded Plaintiffs $411,895.45 for their attorney fees before the Supreme Court and the Eighth Circuit – a 1.81% reduction. In addition, Ramsey County, Hennepin County, and the State of Minnesota did not object to the hourly rates sought in the motion and the Eighth Circuit found the rates to be reasonable.

31. Attached as Exhibit 17 is a true and correct copy of February 11, 2020 article from the American Lawyer on attorney fee rates in the United States in general and the percentage rise in rates during 2019.

32. As previously stated, I acted as main counsel to judicial candidate Gregory Wersal in *Republican Party of Minn. v. White.* At the conclusion of *Republican Party of Minn. v. White,* I filed an attorney fee motion after our success in *Republican Party of Minn. v. White* which, similarly to here, involved a successful appeal to the U.S. Supreme Court. In *Republican Party of Minn. v. White,* Mohrman & Kaardal sought recovery of 1,187.50 hours for a total of $443,783.51 in attorney fees and non-taxable costs (prior to requesting a 1.5 multiplier). This Court, in *Republican Party of Minn. v. White,* awarded Mohrman & Kaardal the entire amount of its attorney fee application of $443,783.51. *Republican Party of Minn. v. White*, 456 F.3d 912, 922 (8th Cir. 2006).

33. The reasonable hourly rates Mohrman, Kaardal & Erickson are seeking under the lodestar method in this motion compare very favorably with those the U.S. District Court for the District of Minnesota has in the cases attached as Exhibits 4-10. Most importantly, the Eighth Circuit approved hourly billing rates for of $575 per hour for

myself, $525 per hour for Mr. Kaardal and $225 per hour for Mr. Grzybek in the *Minnesota Majority* case on January 6, 2019 based on a motion filed on August 27, 2018. In the fee motion filed in the above captioned action, Mohrman, Kaardal & Erickson is seeking $600 per hour for myself, $550 per hour for Mr. Kaardal and $230 for Mr. Grzybek. These rates reflect a 4% increase for myself and Mr. Kaardal and a 2% increase for Mr. Grzybek. During 2019, attorney billing rates increased by 4.5%. *See,* highlighted part of page 2 of February 2, 2020 American Lawyer article attached to this declaration as Exhibit 17. Moreover, the rates for myself and Mr. Kaardal fit well within the hourly rates approved by Judge Mary Vasaly in the Hennepin County District Court on May 16, 2019 of $930 per hour for Mr. James Volling and $760 per hour for Mr. Michael Cockson. *See,* Exhibits 13 and 14 attached to this declaration. Finally, in the *Flores* case, Judge Vasaly also approved hourly rates of $300 per hour for Faegre's "research librarians." *Id.* Mr. Grzybek is a paralegal with over 35 years of experience as well as being a law school graduate. Seeking $230 for Mr. Grzybek is certainly reasonable.

34. I confirmed with each of the individuals listed on the Billing History Reports that all time recorded on the Billing History Reports was recorded by its attorneys or paralegals contemporaneously with the work being performed in $1/10^{th}$ hour increments.

35. From the time records, our law firm is seeking a total of 434.20 hours in time: 134.80 hours for Mr. Grzybek, 285.80 hours for Mr. Kaardal and 13.60 hours for myself. One of the arguments often advanced against attorney fee motions is that the case is "overlawyered." Approximately 31.04% of the time billed on this case was billed by our

paralegal Mr. Grzybek. The majority of the remaining time was billed mostly by Mr. Kaardal. I billed only 13.60 hours on the matter. Given the complexity of the issues of first impression in this matter, it was indispensable for both Mr. Kaardal and myself to be intimately involved in discussing this case. Moreover, Mohrman, Kaardal & Erickson earns most of its revenues from hourly fee paying clients. Mr. Kaardal and I simply could not afford to overlawyer this case with an expectation of fee payment only after a successful result given the case's complexity.

36. In addition, Mr. Kaardal and I have at all times been the attorneys primarily responsible for this matter at Mohrman, Kaardal & Erickson. Both Mr. Kaardal and I have made every reasonable effort to ensure that the matter was handled efficiently and economically.

37. Also, I would note that we did not over-litigate this matter at the District Court level. We always viewed this case as a "legal" case. Therefore, we did not take any depositions in the matter. Rather, our firm performed extensive legal research on this unique legal issue undertaking an extensive review of cases involving compelled free speech issues and government speech issues in analyzing this matter. Obviously, this took a significant amount of time to research and analyze. Most importantly, arguments arising from that research and analysis are included in the Plaintiffs' memoranda filed with this Court and were incorporated into this Court's decision.

38. As part of our responsibility to review the time entries submitted with this fee application, I have reviewed and approved each and every one of the 188 time entries charged on the attached Billing History Reports, interviewed the individuals who

recorded the time entries and have exercised appropriate billing judgment to ensure that all charges were reasonable and necessary to this litigation. From my review, there was no block billing. More importantly, if I believed that the time recorded in a time entry by an attorney was "excessive, redundant, [duplicative] or otherwise unnecessary", I reduced time entries throughout the Billing History Report if I believed, in the exercise of my billing judgment, that the amount of the time incurred for the work performed was either "excessive, redundant, [duplicative] or otherwise unnecessary." With respect to those entries, I reduced the time incurred on each slip as "Do Not Bill Time." For instance, if an attorney spent 5.6 hours drafting a section of a brief and I concluded that only 3.6 hours should have been spent drafting that section of the brief, I would mark "2.0" hours in the "Do Not Bill Time" section of the time slip. This example would result in the time slip now showing 3.6 hours in billable time on the Billing History Report. As a result of these reductions, I reduced 30.50 hours for a total of $11,688 in reductions. However, I want to emphasize, these time reductions are already incorporated into the total amount of charges of $195,955.50 reflected in the Billing History Report attached as Exhibit 1.

39.     I would also note that attorneys at our firm are expected to utilize billing judgment as they record their time. If they believe that they were not as efficient as they should be with respect to a particular matter, they are expected to reduce their time accordingly at the time of making their time entries. Thus, hours spent on the Plaintiffs' matter by attorneys at this firm which, in their billing judgment, should not be billed, were reduced at the time made.

40.     After making the aforementioned adjustments, my firm reasonably expended

434.20 hours on behalf of Plaintiffs in pursuing their successful claims in this case.

41.    Multiplying the prevailing reasonable hourly rates for the attorneys and paralegal at Mohrman, Kaardal & Erickson by the 434.20 hours expended, the reasonable value of the services Mohrman, Kaardal & Erickson performed litigating Plaintiffs' claims in the above captioned action is $195,955.50.  *See* Exhibit 1.

42.    Mohrman, Kaardal & Erickson also incurred costs and expenses of taxable costs in the amount of $793.16 in litigating Plaintiffs' claims in this case as set forth in Exhibit 1.  The significant charges are $400 for the filing fee, $100 for the process server and $249.66 for the transcript of the hearing.  I verify that Mohrman, Kaardal & Erickson incurred these costs.

43.    This was a case of nationwide significance.  To our knowledge, this was the first decision obtained anywhere in the nation on compelling landlord political speech.  According to information I reviewed on the internet, the City of Seattle, Washington has a similar ordinance in place.  The City of Westminster, Colorado attempted to enact such an ordinance.  The Court's decision will help alleviate this denial of free speech rights.

44.    Finally, as set forth above, attached as Exhibit 2 to this Declaration is Mohrman, Kaardal & Erickson's Billing History Report for its representation of Plaintiffs in preparing this attorney fee motion.  Exhibit 2 contains both attorney time and expenses.  With respect to attorney time, we are seeking $12,972.00 in attorney fees for preparing the motion and $39.30 in Pacer charges for obtaining records from this court on attorney fee applications.  Similarly to Exhibit 1, Exhibit 2 shows 23.10 hours in time.  Once again, I exercised billing judgment regarding the charges set forth in Exhibit 2.  Similarly

to Exhibit 1, I reduced time entries in the Billing History Report marked as Exhibit 2 if I believed, in the exercise of my billing judgment, that the amount of the time incurred for the work performed was either "excessive, redundant, [duplicative] or otherwise unnecessary." With respect to those entries, I reduced the time incurred on each slip as "Do Not Bill Time." As a result of these reductions, I reduced 6.60 hours for a total of $3,960.00 in further reductions. However, I want to emphasize, these reductions are already incorporated into the total amount of charges of $12,972.00 reflected in the Billing History Report attached as Exhibit 2.

45.     The $12,972.00 in attorneys fees based on 23.10 hours of time for preparing the motion is reasonable. Appellants charged approximately 6% of the total amount sought of $195,955.50 in making this attorney fee motion. The amount sought is reasonable. *See, Mid-Hudson Legal Servs. v. G & U, Inc.*, 465 F. Supp. 261, 273 (S.D.N.Y. 1978)(upholding 234.75 hours in time and $15,737.50 to establish an attorney fee request on a §1988 application *in 1978*.)

46.     Also, I have attached as Exhibit 18 the Reply Affidavit of Ryan Vettleson, the attorney who submitted the attorney fee application in *Madison v. Willis*, CIV. 09-930 DWF/AJB, 2011 WL 851479 (D. Minn. Mar. 9, 2011). In paragraph 5 of the Reply Affidavit, Mr. Vettleson testifies that his firm requested $12,000 in attorney fees in preparing the motion for attorney fees and an additional $11,700 in attorney fees in preparing the reply to defendant's opposition to the motion plus additional costs. In his Order, Judge Frank granted the entire request for $12,000 in preparing the motion for attorney fees and reduced the amount requested for attorney fees and costs on the reply to

17

$9,796.50. Thus, Judge Frank awarded $21,796.50 to the *Madison* plaintiff for work on the attorney fee motion **in 2011**. *See, Exhibit 5.*

47. In the above captioned action, as set forth on Exhibit 2, the total amount of attorneys fees in preparing this motion is $12,972.00 and costs of $39.30 for a total of $13,011.30.

48. Lastly, I would like to provide the Court with some context regarding why the result in this case was excellent.

49. This case will have statewide and nationwide impact. As detailed in the memoranda Plaintiffs submitted to this Court, this case involved cities attempting to compel landlords to deliver a political message the landlords did not want to deliver to their tenants. Other jurisdictions have examined enacting similar laws such as Westminster, Colorado in 2014. This Court's decision will substantially limit this unconstitutional practice.

50. Thus, the total of the above services performed and expenses incurred by Mohrman, Kaardal & Erickson in successfully handling the above captioned action equals $195,955.50 for attorney fees and $793.16 for expenses for a subtotal of $196,748.66 plus $12,972 in attorney fees in preparing this Motion and $39.30 in pacer charges for a subtotal of $13,011.30. *See,* Exhibits 1and 2.

51. ***Thus, the grand total of attorney fees and costs Plaintiffs are seeking in this Motion is $209,759.96.***

REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

SIGNATURE PAGE TO FOLLOW

I affirm under penalty of perjury that the foregoing is true and correct. Executed on this 18th day of May, 2020.

                                              *s/William F. Mohrman*
                                              William F. Mohrman