2011 WL 851479
Only the Westlaw citation is currently available.
United States District Court,
D. Minnesota.

Nicole MADISON, Plaintiff,
v.
Daniel WILLIS, in his individual capacity as a Minneapolis police officer, Defendant.

Civil No. 09–930 (DWF/AJB).    |    March 9, 2011.

**Attorneys and Law Firms**

Jeffrey S. Storms, Esq., Ryan O. Vettleson, Esq., and Robert Bennett, Esq., Gaskins, Bennett, Birrell, Schupp, LLP, for Plaintiff.

C. Lynne Fundingsland, and Darla J. Boggs, Assistant City Attorneys, Minneapolis City Attorney's Office, for Defendant.

**ORDER**

DONOVAN W. FRANK, District Judge.

**\*1** This matter is before the Court on a Motion for an Award of Costs, including Reasonable Attorneys' Fees under 42 U.S.C. § 1988 brought by Plaintiff Nicole Madison. For the reasons set forth below, the Court grants the request in part.

Plaintiff brought this action against Defendant, alleging that Defendant used excessive force against her on December 8, 2008. The matter went to trial, and on December 9, 2010, the jury found that Defendant used excessive force and awarded Plaintiff compensatory damages in the amount of $21,000. Plaintiff sought, but was not awarded, punitive damages. Plaintiff now seeks an award of costs, including reasonable attorney fees, in the amount of $281,188.57.[1] This amount reflects fees and costs for services rendered by Plaintiff's attorneys through the preparation of her reply brief on the present motion. Defendant opposes Plaintiff's present request, asserting that the amount should be reduced to $155,452.29. Defendant asserts that the request is unreasonable and contains unsupportable or improper fees.[2]

[1] Plaintiff originally sought $270,280.58 (reflecting $258,280.58 for services rendered by Plaintiff's attorneys through the verdict and an additional $12,000 for the preparation of the present motion). In her reply, Plaintiff indicated that she voluntarily withdraws $792.01 in fees and costs and conceded a $2,295 reduction based on the actual fee in presenting this motion. However, Plaintiff also requested an additional $13,995 in fees for the preparation of her reply brief.

[2] Plaintiff has agreed to withdraw $792.01 in fees and costs which Defendant opposed. These fees and costs include $203.72 for a celebratory event on December 8, 2010; $40.00 in erroneously charged paralegal fees; $19.29 in mileage reimbursement; and $529.00 in fees associated with three time entries for administrative tasks that were performed by attorneys.

In any action brought to enforce 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby,* 506 U.S. 103, 111–12 (1992). To be a prevailing party, a plaintiff "must 'succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " *Forest Park II v. Hadley,* 408 F.3d 1052, 1059 (8th Cir.2005) (quoting *Farrar,* 506 U.S. at 109). "A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Farrar,* 506 U.S. at 113. While the amount of the award does not alter the prevailing party inquiry, it will bear on the propriety of fees awarded under § 1988. *Id.* at 114.

In calculating reasonable attorney fees, the Court begins by calculating the "lodestar"—the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed. *Hensley v. Eckerhart,* 461 U.S.

EXHIBIT 5 MOHRMAN DECLARATION

CASE 0:19-cv-00358-WMW-HB    Doc. 49-5    Filed 05/18/20    Page 2 of 3
Madison v. Willis, Not Reported in F.Supp.2d (2011)
2011 WL 851479

424, 433 (1983). The reasonableness of a fee depends upon a number of factors, including "the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity."*Jenkins v. Missouri,* 127 F.3d 709, 718 (8th Cir.1997).

The Court has reviewed Plaintiff's submission. Defendant challenges both the hourly rates requested and many of the claimed fees and costs. With respect to hourly rates, the fee applicant must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."*Blum v. Stenson,* 465 U.S. 886, 896 n. 11 (1984)."A rate determined this way is normally deemed to be reasonable."*Id.* Plaintiff's counsel seeks to be reimbursed in this case at rates ranging from $180–$600 per hour for the attorneys on the file and $100–$125 per hour for paralegals. [3] Rates similar to these have been deemed reasonable in this district. *See King v. Turner,* 05–CV–0388, 2007 WL 1219308, at *2 (D. Minn. April 24, 2007) (approving rate of $500 per hour in April 2007). Moreover, the reasonableness of the hourly rates is supported by the affidavits of Brian O'Neill and Eric Hageman. The Court finds that the hourly rates requested are reasonable. [4]

---

[3] These are the current rates for Plaintiff's attorneys, which are appropriately applied. *See Missouri v. Jenkins,* 491 U.S. 274, 283 (1989).

[4] The Court notes that $600 per hour is on the very upper end of what is reasonable in the prevailing community. That rate was charged for work performed by Robert Bennett, a managing partner at Plaintiff's counsel's firm who runs the civil rights group. Robert Bennett billed a total of just under twenty hours on the file. The other attorneys, who performed the bulk of the legal work on Plaintiff's case, charged rates ranging from $180 to $350 per hour.

---

**\*2** Defendants also challenge the number of hours expended on Plaintiff's case. Specifically, Defendants assert that Plaintiff did not indicate that any hours billed were reduced or written off, but that they reflect charges for which no private client would expect to be billed. In addition, Defendants argue that a substantial portion of fees is the product of overstaffing, which resulted in multiple conferences and the same work being performed by multiple attorneys. Defendants also argue that the fee award should be reduced due to vague time entries and to eliminate time spent on claims upon which Plaintiff did not prevail. Some of these issues have been resolved by the concessions noted in Plaintiff's reply brief.

As to Defendant's remaining challenges regarding the reasonableness of the hours submitted, the Court respectfully finds such challenges are largely without merit. For example, the Court declines to reduce the request based on allegations of overstaffing, excessive conferencing, or duplicative work by Plaintiff's legal team. Plaintiff was successful in her civil rights claim, and it is likely that her success was due at least in part on the composition of the legal staff and their consultation with each other.

In addition, Defendant asserts that the $21,000 jury award bears on the extent of Plaintiff's success at trial and that Plaintiff's fee request includes over $12,000 related to issues upon which Plaintiff did not prevail. Given the facts of this case, the Court concludes that Plaintiff achieved significant success. Accordingly, the Court declines to reduce the award because Plaintiff failed to obtain a larger compensatory award, punitive damages, or a positive ruling on every pre-trial motion or issue at trial.

The Court does find, however, that several portions of Plaintiff's request should be reduced. In particular, Defendant challenges Plaintiff's request for reimbursement for $500 in consultation fees and $1,000 for a deposition of Dr. Van Beek. Defendant argues that these fees are not recoverable because they are expert fees. Plaintiff claims that these fees are not expert fees, but that they represent costs that a treating doctor charged for time spent in writing a narrative report and testifying. The Court disagrees and concludes that even though Dr. Van Beek appeared at trial as a consulting physician and was not properly designated as an expert, Plaintiff intended Dr. Van Beek to appear as an expert. Section 1988 does not provide for such fees, except for cases brought pursuant to 42 U.S.C. §§ 1981 and 1981a. 42 U.S.C.

EXHIBIT 5 MOHRMAN DECLARATION

§ 1988(b) and (c). Accordingly, Plaintiff's cost request will be reduced by $1,500.

Finally, the Court finds that Plaintiff's request for an additional $13,995 for fees and costs associated with the preparation of her reply brief is unreasonably high. The Court reduces this amount by 30% ($4,198.50), allowing reimbursement in the amount of $9,796.50.

**ORDER**

Thus, based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

 *3  1. Plaintiff's Motion for an Award of Costs, including Reasonable Attorneys' Fees under 42 U.S.C. § 1988 (Doc. No. [113] ) is **GRANTED IN PART** in the amount of $275,490.07.

2. Defendants are hereby **ORDERED** to remit to Plaintiff a total amount of $275,490.07 for attorney fees and costs.

**End of Document**  © 2014 Thomson Reuters. No claim to original U.S. Government Works.