CASE 0:19-cv-00358-WMW-HB   Doc. 49-7   Filed 05/18/20   Page 1 of 4
King v. Turner, Not Reported in F.Supp.2d (2007)
2007 WL 1219308

2007 WL 1219308
Only the Westlaw citation is currently available.
United States District Court,
D. Minnesota.

Deborah K. KING, Plaintiff,
v.
Dickey Joe TURNER, Defendant.

Civil No. 05-388 (JRT/FLN).   |   April 24, 2007.

**Attorneys and Law Firms**

Robert Bennett and Ryan O. Vettleson, Flynn Gaskins & Bennett, LLP, Minneapolis, MN, for plaintiff.

C. David Dietz, Assistant Ramsey County Attorney, Ramsey County Attorney, St. Paul, MN, for defendant.

### MEMORANDUM OPINION AND ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS

JOHN R. TUNHEIM, United States District Judge.

**\*1** Plaintiff Deborah King filed this lawsuit against defendant Dickey Joe Turner, who is a deputy of the Ramsey County Sheriff's Department. In her complaint, plaintiff alleges that on February 26, 2003 defendant used excessive force against her in violation of her constitutional rights. On November 16, 2006, a jury returned a verdict for plaintiff and against defendant. The jury awarded plaintiff $114,508.90 in actual damages and $15,000.00 in punitive damages.

This matter is before the Court on plaintiff's motion for attorneys' fees and costs under 42 U.S.C. § 1988. For the reasons discussed below, the Court awards plaintiff the sum of $317,605.74 for reasonable attorneys' fees and costs.

### ANALYSIS

42 U.S.C. § 1988 provides that "[i]n any action or proceeding to enforce a provision of [section 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...." 42 U.S.C. § 1988(b). The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances. *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1983). Plaintiff succeeded on every issue presented to the jury in this litigation. Plaintiff is therefore entitled to attorneys' fees as a prevailing party under § 1988.

Plaintiff submitted affidavits and exhibits to the Court documenting the hours expended in this litigation and the billing rates for these services, as well as the costs incurred. In total, plaintiff has requested an award of attorneys' fees and costs in the amount of $317.798.88. Defendant objects to this award on several grounds.

### I. REASONABLE ATTORNEYS' FEES

An award of attorneys' fees to a prevailing party must be reasonable. *Hensley,* 461 U.S. at 433. The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Blum v. Stenson,* 465 U.S. 886, 888 (1984). The district court is expressly allowed to exercise its discretion in determining the reasonableness of an award. *Id.* at 902 n. 19.

### A. Hourly Rate

The fee applicant bears the burden to "produce satisfactory evidence in addition to the attorney's own affidavit that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum,* 465 U.S. at 896 n. 11. A rate calculated this way is presumed reasonable. *Id.*

Defendant argues that there was nothing unusual or complex about plaintiff's case that would justify the rates requested by plaintiff. However, the Court has observed that police misconduct cases are very difficult for plaintiffs to win and require significant trial skill and expertise of lawyers. Indeed, the Supreme Court has compared the complexity of civil rights litigation to antitrust litigation. *Hensley,* 461 U.S. at 430 n. 4. In addition to the normal difficulties of proving a police misconduct case, this particular case required knowledge of complex medical matters to demonstrate the excessiveness of the physical force used by defendant.

EXHIBIT 7 MOHRMAN DECLARATION

**\*2** Plaintiff has requested a rate of $500 per hour for Robert Bennett. Bennett is a highly qualified trial attorney with 30 years of experience. Bennett's actual realization rate over the past several years well exceeds $500 per hour and his current hourly billing rate is $500 per hour. Defendant points out that Bennett's rate was $350 per hour in 2002. However, the current rate is the appropriate rate to apply. *See Missouri v. Jenkins,* 491 U.S. 274, 283 (1989). The reasonableness of the rates requested for Bennett and the other attorneys on the case is supported by affidavits submitted by Brian B. O'Neill and Mark J. Briol. These affidavits discuss reasonable hourly rates for attorneys in the local legal community. O'Neill and Briol are experienced trial lawyers who are well-qualified to opine on the reasonableness of attorneys' fees in this jurisdiction. The Court finds that the hourly rates requested for Bennett and the other attorneys are reasonable.

**B. Number of Hours Reasonably Expended**

An award of attorneys' fees must be based on hours that were "reasonably expended." *Hensley,* 461 U.S. at 434. "Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."*Id.*

Defendant criticizes plaintiff for failing to exclude from the request any of the hours included in the time records. Defendant submitted an affidavit of James P. Schratz that audits the fee request, and argues that the hours expended should be reduced as indicated in the auditor's report.

The auditor for defendant found that plaintiff's case was overstaffed in the sense that at least two attorneys appeared at the depositions, court hearings, and the trial itself. Bennett handled the depositions but an associate attorney, Ryan O. Vettleson, also attended every deposition. Plaintiff explains that Vettleson was the only attorney on the case that was intimately familiar with the documentary discovery. Because Bennett did not take time to review those materials, Bennett depended on Vettleson to interject during the depositions if the need arose. As for Vettleson's presence at trial, plaintiff explains that Vettleson provided organizational and technical support and offered lines of additional inquiry. He also helped with witness management. Plaintiff also explained that Vettleson's presence at the mediated settlement conferences was necessary because of the relationship that Vettleson had developed with the plaintiff during the course of the litigation. The Court finds no reason to disallow hours for Vettleson expended on these activities.

The auditor also found that there was "excessive conferencing" in this case because it amounted to seven percent of the total fee requested. The Court cannot conclude that conferencing was excessive given the percentage of time spent on conferencing here. Plaintiff was successful in her claim, and her success likely depends in large part on the consultation and insight from other attorneys on how to best present this case to the jury.

**\*3** The auditor proposes a ten percent disallowance on the attorneys' bills because of the block-billing format. Block billing is the lumping together of daily time entries consisting of two or more task descriptions. While other circuits have warned attorneys against the use of block billing, the Eighth Circuit has no requirement against the use of block billing. While the Court has some concern that block billing may decrease accountability of attorneys in specifically recording their time expended, and the Court would prefer that attorneys avoid the practice, the Court finds that the billing records here are sufficiently specific in this case to communicate what was done and its connection to the case. A disallowance for block billing is unwarranted here.

The auditor also found that plaintiff's attorneys spent excessive time on medical research. Nearly 120 hours were recorded in connection with collecting, reviewing, and researching plaintiff's medical history and related issues. The ultimate issue of excessive force in this case depended on resolution of how three injuries suffered by plaintiff occurred. Plaintiff explains that the medical research conducted was directed at understanding the mechanisms of injury. The Court agrees that the attorneys in this case needed this medical knowledge to effectively elicit testimony from their medical experts and to effectively cross-examine defendant's expert.

EXHIBIT 7 MOHRMAN DECLARATION

Finally, the auditor complains of overbilling for particular work product, such as drafting the complaint, summarizing depositions, and drafting pretrial submissions. Vettleson was the primary target of the auditor's complaints. The Court does not find that the time spent on any of these tasks was excessive, especially given that the attorney with the lowest hourly rate was primarily charged with these time consuming tasks.

In sum, the Court finds that the award for attorneys' fees requested by plaintiff are reasonable. The Court accordingly awards $307,617.24 in attorneys' fees.

## II. COSTS INCURRED

A prevailing party is entitled to her costs as a matter of course under the Federal Rules of Civil Procedure. Fed.R.Civ.P. 54(d)(1). Although Rule 54(d) creates a presumption that prevailing parties are entitled to costs, district courts retain substantial discretion in awarding them. *Bathke v. Casey's Gen. Stores,* 64 F.3d 340, 347 (8th Cir.1995). Costs include charges for items reasonably charged by attorneys to their clients. *Pinkham v. Camex, Inc.,* 84 F.3d 292, 295 (8th Cir.1996). Defendant does not specifically dispute the costs requested by plaintiff in his opposition to the motion, but the auditor for defendant proposed disallowing several costs.

The Court finds the costs claimed by plaintiff to be largely reasonable, but some reductions are necessary. To begin, the costs for computerized legal research are factored into the attorneys' hourly rates and are not taxable. *Standley v. Chilhowee R-IV Sch. Dist.,* 5 F.3d 319, 325 (8th Cir.1993). The Court accordingly deducts $255.29, the total of all computerized legal research charges, from plaintiff's requested costs. The Court also deducts $140.00 for a celebratory lunch held on November 16, 2006 because plaintiff concedes that this expense is not taxable. Plaintiff also withdrew her request for an award covering the $5,000.00 expert fee for Anthony Bouza. Expert fees are not recoverable in a § 1983 action. 42 U.S.C. § 1988(c); *see W. Va. Univ. Hosps. v. Casey,* 499 U.S. 83, 102 (1991).

 ***4** The auditor found that plaintiff did not adequately document several of the costs, including the costs incurred for taking videos of depositions. Plaintiff in her reply offered additional documentation for the $2,350.29 cost incurred for the service of a videographer. The Court is persuaded that this expense was necessarily incurred for the litigation because no doctor was able to testify live at trial due to each doctor's busy schedule. The auditor also criticized plaintiff for failing to adequately document or justify costs incurred for copying, messenger services, parking, mileage, meals, and witness fees. These expenses total $772.58.[1] For example, plaintiff requests $299.78 for outside copying costs but does not provide the per copy cost. Without more information, the Court cannot assess the reasonableness of the charges. There may well be a satisfactory explanation, but the Court has not heard it. Therefore, the Court will reduce the remaining allowable expenses by 25 percent for failure to carry the burden of proof that the expenses were both reasonable and reasonably incurred in the pursuit of this litigation. *See Rural Water Sys. # 1 v. City of Sioux Ctr.,* 38 F.Supp.2d 1057, 1068-69 (D.Iowa 1999). This results in an additional deduction of $193.15.

[1]  $299.78 (copying)
$129.20 (messenger services)
$291.95 (parking, mileage, meals)
$51.65 (witness fee) = $772.58.

In sum, the Court deducts $5,588.44 from the original request for costs by plaintiff.[2] The Court therefore awards plaintiff $9,988.49 for reasonable costs incurred.[3] The total award for attorneys' fees and costs is $317,605.73.

[2]  $255.29 (computerized legal research)
$140.00 (celebratory lunch)
$5,000.00 (expert fee)
$193.15 (inadequate documentation or justification) = $5588.44.

[3] $15,576.93 (original request for costs)-$5588.44 (deductions) = $9,988.50.

## ORDER

Based on the foregoing, all of the records, files and proceedings herein, **IT IS HEREBY ORDERED** that plaintiff's motion for attorneys' fees and costs [Docket No. 60] is **GRANTED** as follows:

CASE 0:19-cv-00358-WMW-HB Doc. 49-7 Filed 05/18/20 Page 3 of 4

EXHIBIT 7 MOHRMAN DECLARATION

1. Plaintiff's request for attorneys' fees is **GRANTED** in the amount of $307,617.24.

2. Plaintiff's request for costs is **GRANTED** in the amount of $9,988.49.

3. Defendant is hereby **ORDERED** to remit to plaintiff a total amount of $317,605.73 for attorneys' fees and costs.

---

**End of Document**    © 2014 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 7 MOHRMAN DECLARATION