UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nicole Madison,<br><br>Plaintiff,<br><br>vs.<br><br>Daniel Willis acting in his individual Capacity as a Minneapolis police officer,<br><br>Defendant. | Case No. 0:09-cv-00930-DWF-AJB<br><br>**AFFIDAVIT OF RYAN O. VETTLESON IN SUPPORT OF MOTION FOR ATTORNEY FEES AND COSTS** |

STATE OF MINNESOTA   )
                     ) ss.
COUNTY OF HENNEPIN   )

I, Ryan O. Vettleson, being first duly sworn on oath, depose and state as follows:

1. I am the lead counsel representing plaintiff Nicole Madison in connection with the above-entitled action. I make this affidavit in support of plaintiff's motion for attorneys' fees and litigation expenses pursuant to 42 U.S.C. §1988.

2. I received my undergraduate education at the University of Minnesota Morris where I graduated with Honors and High Distinction in 1998. I graduated, *cum laude*, from the University of Minnesota Law School with a J. D. in 2001.

3. I have been admitted to practice before the following bars and courts and, from the date of admission forward, have remained a practicing member in good standing:

   a.   2001   Bar of the State of Minnesota; and

   b.   2002   U. S. District Court, District of Minnesota.

4. I am a member of the Hennepin County, Minnesota State and Federal Bar Associations and the American Association for Justice (formerly the Association of Trial Lawyers of

EXHIBIT 11 TO MOHRMAN DECLARATION

America).

5. I began my legal career as a law clerk at the Minnesota Court of Appeals, where I clerked for the Honorable Thomas J. Kalitowski from August 2001 to August 2002. I then began working at Flynn, Gaskins & Bennett ("FGB") in September 2002. During my first two years at FGB, I did a significant amount of defense work, handling employment defense, products liability defense and general insurance defense matters. After that, however, I began to focus on the plaintiff's side, specifically personal injury and police misconduct cases.

6. My practice now consists almost exclusively of trial work in the areas of plaintiff's personal injury and civil rights law. My practice is around 90% contingent fee work, primarily civil rights and police misconduct litigation. Over the past eight years, I have successfully represented plaintiffs in civil rights and police misconduct actions against a number of police agencies and adult detention facilities, including, but not limited to the following city police departments: Minneapolis, Brainerd, Dayton, Blaine, and White Bear Lake, and the following Minnesota county sheriff's departments: Ramsey, Olmsted, and Todd. I have been involved in at least twenty lawsuits asserting claims under 42 U.SC. §1983, including claims against jail officials, police officers and municipal entities.

7. I have attached the time records and cost records (Exhibit A) for the services performed for Nicole Madison in this civil rights action. Each time record shows the date the service was rendered, offers a description of the service done on that date, identifies the lawyer or other professional staff member who performed the service and indicates the time increment for the service performed. These records have been maintained contemporaneously throughout the course of this firm's representation of Nicole Madison in this civil rights action. I have taken the liberty, in certain descriptive portions, to more fully describe the activity performed if I or another billing attorney had any knowledge helpful to the designation.

8.     Also attached as part of Exhibit A are the cost records from this case. These records are a listing of the cost entries on our firm's billing journal. Our office manager has verified the financial data included therein to my satisfaction. Costs which are not allowed under 42 U.SC. §1988, such as Westlaw charges, have not been included.

9.     During this firm's representation of Nicole Madison, I have continuously been the person with overall responsibility for this file. However, several other members of this firm have provided additional services with regard to this matter. I will set forth the qualifications and contributions to this case of the other members of this firm in the following paragraphs.

10.    Robert Bennett is a managing partner at FGB and an experienced litigator. He is a Fellow of the American College of Trial Lawyers and has been certified by the Minnesota State Bar Association as a civil trial specialist since 1988 and by the National Board of Trial Advocacy since 1989. His practice consists almost exclusively of trial work of many varieties, including civil litigation, personal injury and civil rights law. He has also successfully handled over one hundred civil rights cases under 42 U.SC. §1983 over the past fifteen years. He is the preeminent civil rights lawyer in Minnesota. His role in this case was to provide both strategic and tactical advice and assistance based on his experience and expertise. He was also a sounding board and editor. Given his billing rate of $600/hour, every effort was made to keep his time to a minimum.

11.    Jonathan A. Strauss is a partner at FGB. He received his B.A. from the University of Wisconsin Madison in 1994, *Phi Beta Kappa*, and received his J.D. from Northwestern University School of Law in 1997. He joined the firm in 2002 after working for Dorsey & Whitney for several years. While he has traditionally focused on products liability defense cases, he has handled several plaintiff's personal injury and police misconduct cases in the last few years. Mr. Strauss primarily worked on researching and writing a couple of key motions in limine—both of which Plaintiff won and which helped to shorten the trial and allow the jury to focus on the relevant issues. These were

3

EXHIBIT 11 TO MOHRMAN DECLARATION

discreet issues that did not require an in-depth knowledge of the facts of this case. As with me and other relatively junior partners at FGB, his billing rate is $350/hour.

12. Andrew J. Noel is a partner at the firm and a member of the FGB civil rights/police misconduct team. He is a 2002 *magna cum laude* graduate of Hamline University School of Law. Mr. Noel has worked on civil rights cases with FGB from the time he was a law clerk in 2001 through the present. In this case, he provided helpful strategy and editing advice and acted as a sounding board throughout the case.

13. Jeffrey Storms, a 2002 Davidson graduate, who got his J.D., *magna cum laude*, at the University of St. Thomas School of Law in 2006, is an associate at FGB. He worked closely with me throughout this case. He assisted in drafting and reviewing discovery (both requests and responses), researched and drafted trial pleadings (including motions in limine) and supporting memoranda, and handled a fair amount of witness contact. He has worked extensively on the police misconduct team since he joined the firm in April 2008 after working for nearly two years at Oppenheimer, Wolff & Donnelly. As with our senior associates, his billing rate is $265/hour.

14. Paul Dworak joined FGB in 2010 and is a 2010 *magna cum laude* graduate of the University of Minnesota Law School. Mr. Dworak drafted the statement of the case and jury instructions. He also performed site inspections of the area where the incident occurred and worked on rebutting defense theories postulated from inspecting the different video clips and power point presentations defendant prepared regarding the incident. His billing rate of $180/hour is consistent with first-year associate rates on other files in our office.

15. Two paralegals at FGB worked on this file. Brigid Volk has worked as a paralegal for over 19 years. She also has a B.S. degree in Management Information Systems from the College of St. Catherine. She assisted with plaintiff's presentations at trial, running a laptop. Her rate of $125/hour reflects her considerable paralegal experience and additional information-technology

EXHIBIT 11 TO MOHRMAN DECLARATION

know-how.  Monica Bordonaro also worked on the case.  She primarily assisted with gathering records, both from the City of Minneapolis and Civilian Review Authority before suit and from medical providers.  She also assisted with preparing trial exhibits.

16.  The partner rate of $350 per hour is in-line with or lower than the firm's rates on other complex litigation, where junior partners are billed out to clients at $400 per hour.  It is also very close to the rates for me and other partners that were recently approved by Judge Kyle in Robinson v. County of Ramsey, Ct. File No. 08-5779.  There, Judge Kyle approved a junior partner rate of $330 per hour.  Since Judge Kyle's order, the firm has slightly increased its rates.

17.  Police misconduct cases are very difficult for a number of reasons.  It has been my experience that there is a reluctance on the part of jurors to believe police misconduct exists and therefore a corresponding bias toward believing the defendant police officer(s) and other police witnesses.  Certainly, this District Court is aware of and has observed this bias in action in numerous jury trials.

18.  Plaintiff's success in this case was therefore significant.  While the monetary damages awarded were far exceeded by the attorneys fees, plaintiff never sought a significant monetary award, but rather sought to hold the defendant responsible.  Indeed, long before trial, plaintiff's counsel represented to defense counsel that this case could be settled for a small amount of money.  Those terms were rejected, forcing plaintiff to prove the case at trial, and necessarily increasing the attorneys' fees on this case.  No offer of judgment was ever made by the defendant, which would have had the effect of cutting off the attorneys' fees.  In fact, with or without attorneys' fees, no settlement offer of any kind was ever made by defendant.

19.  Throughout this case, plaintiff sought only to hold defendant Willis accountable for her injuries.  As such, her success on the excessive force claim was significant in the broader context of the assurance of the guarantees of civil rights provided by our Constitution to each and every

EXHIBIT 11 TO MOHRMAN DECLARATION

citizen.

20. As such, all of the services rendered and the time it took to render such services as stated on Exhibit A attached hereto were reasonable and necessary to the provision of legal services to Nicole Madison in order to ultimately and fully prevail on the single constitutional claim against defendant Willis. The time and hourly rates currently utilized as of December 23, 2010, are listed as follows:

| ATTORNEY | HOURLY RATE | HOURS | TOTAL FEES |
| --- | --- | --- | --- |
| Ryan O. Vettleson | $350 | 460.6 | $161,210.00 |
| Jeffrey S. Storms | $265 | 123.9 | $32,833.50 |
| Paul C. Dworak | $180 | 58.1 | $10,458.00 |
| Jonathan A. Strauss | $350 | 33.7 | $11,795.00 |
| Andrew J. Noel | $350 | 23.3 | $8,155.00 |
| Robert Bennett | $600 | 19.5 | $11,700.00 |
| Monica J. Bordonaro (paralegal) | $100 | 60.8 | $6,080.00 |
| Brigid Volk (paralegal) | 125 | 43.5 | $5,437.50 |
| Total | | 823.4 | $247,669.000 |

21. The costs stated on Exhibit A, which were necessary and reasonably incurred in direct connection with the successful prosecution of Plaintiff's claims, as of December 14, 2010, amount to $10,611.58.

22. In this case, the lodestar for attorneys' fees awardable under 42 U.S.C. §1988 to FGB is $247,669.00. The reasonable costs associated with the bringing of this lawsuit by FGB are $10,611.58. Plaintiff's counsel anticipates working on this fee petition has cost another $12,000.00. Accordingly, the total award requested, barring any further motion practice necessitated by defendant, is $270,280.58, for services rendered by FGB.

EXHIBIT 11 TO MOHRMAN DECLARATION

23. A true and correct copy of the Retainer Agreement between plaintiff and plaintiff's counsel is attached hereto as Exhibit B.

24. A true and correct copy of the fee Order in *King v. Turner*, Ct. File No. 05-388, dated April 24, 2007, is attached hereto as Exhibit C.

25. A true and correct copy of the fee Order in *Gill v. Maciejewski*, Ct. File No. 05-2366, dated Oct. 23, 2007, is attached hereto as Exhibit D.

26. A true and correct copy of the fee Order in *Gill v. Maciejewski*, Ct. File No. 05-2366, dated November 6, 2007, is attached hereto as Exhibit E.

_____
Ryan O. Vettleson

Subscribed and sworn to before me
this 23 day of December 2010.

_____
Notary Public

[Notary Seal: SUSAN K. ROSS, Notary Public, Minnesota, My Commission Expires January 31, 2015]

7

**EXHIBIT 11 TO MOHRMAN DECLARATION**