UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nicole Madison,

          Plaintiff,

vs.

Daniel Willis acting in his individual
Capacity as a Minneapolis police
officer,

          Defendant.

Case No. 0:09-cv-00930-DWF-AJB

**AFFIDAVIT OF ERIC HAGEMAN**

STATE OF MINNESOTA  )
                               ) ss.
COUNTY OF HENNEPIN  )

    Eric Hageman, being first duly sworn on oath, states:

    1.    I am an attorney with the law firm of Pritzker Olsen, P.A.

    2.    I graduated from Dartmouth College in 1990 and graduated, *cum laude,* from the University of Minnesota Law School in 1995.

    3.    I work in the area of plaintiff's personal injury cases, concentrating on food-borne illness, motor vehicle accident, civil rights and products liability cases. Civil rights law was my main focus from 1995 to 2008, during which time I worked closely with Robert Bennett. I have made several petitions for attorneys' fees as part of the work I have done on civil rights cases and have been awarded attorneys' fees by courts on several occasions.

    4.    For example, I was the attorney in a police excessive-force case (*Gill v. Maciejewski*) tried in front of Judge Michael Davis in July of 2007, in which the jury found that the defendant University of Minnesota police officer had used excessive force and awarded my client $10,000 in compensatory damages.

    5.    Liability was fiercely contested at trial, with the defendant officer denying he ever

touched the plaintiff in any way. In order to find for the plaintiff, the jury had to conclude that the defendant - and all of the other police officer witnesses - were lying.

6. Following the trial, I petitioned for attorneys' fees and Judge Davis awarded approximately $240,000 in fees, approving an hourly rate of $350/hour for me.

7. Thereafter, the defense appealed the entire case, including the attorneys' fee award, to the Eighth Circuit, where, following argument, the verdict and the entire fee award were upheld by the Court. In rejecting the defense arguments that the fee award should be reduced, the Court held:

> Despite Maciejewski's protestations, it is beyond peradventure Gill succeeded in vindicating the asserted constitutional violation. Thus, we reject Maciejewski's contrary arguments as without merit. Further, we find the fee award was not excessive.

8. I am also very familiar with the hourly rates for lawyers in this community. I have experience reviewing legal invoices and have regularly negotiated fee agreements and invoiced clients over the last fourteen years. I am well aware of the billing rates for lawyers, clerks and legal assistants in this legal community.

9. I am personally familiar with Ryan Vettleson and the type of work he does, having worked with him at Flynn, Gaskins & Bennett for over six years. I am also personally familiar with the services and quality of work provided by Ryan Vettleson and Flynn, Gaskins & Bennett, L.L.P. To my knowledge, Ryan is one of the few lawyers in Minnesota whose practice is focused on civil rights litigation.

10. I have reviewed the invoices of Flynn, Gaskins & Bennett in this matter, along with other documents, including the Affidavit of Ryan Vettleson and the biographies of the associates who worked on this case.

11. Based upon my review of these documents, conferences I have held with Ryan Vettleson, and my experience practicing law in this community, I feel I am qualified to render an opinion both as to the reasonableness of the hourly rates charged by Ryan Vettleson and the other

2

attorneys at Flynn, Gaskins & Bennett, as well as the reasonableness of the amount of time actually spent preparing for and trying the case.

12.  From talking with Ryan, I understand that Flynn, Gaskins & Bennett accepted representation of Nicole Madison in February of 2009. It is my understanding that no fees or costs have been paid to date by Ms. Madison. Flynn, Gaskins & Bennett accepted the case on a straight contingent fee basis. No fees or costs for the case have been charged to, or paid by, the client. All costs were borne by Flynn, Gaskins & Bennett pending the outcome of this litigation. The trial in the case was held in December of 2010, almost two years after Flynn, Gaskins & Bennett accepted representation of Ms. Madison.

13.  My opinion, after reviewing the invoices and other documents in this case, is that the billing rates invoiced by Flynn, Gaskins & Bennett are reasonable hourly rates in this community for lawyers of similar levels of talent and experience. It is also my opinion that the total amount of the invoices is reasonable given the work performed. I have taken into consideration several factors, including how the case was staffed, the number and experience of the lawyers involved, what each of the lawyers did at their particular level of experience, whether any of the work done was duplicative, and the reasonableness of the costs incurred.

14.  My opinion as to the hourly rates charged does not take into account the fact that Flynn, Gaskins & Bennett accepted representation in this matter on a contingent fee basis, agreed to bear the responsibility for all costs pending the outcome of the case, and agreed they would not be paid any fees or reimbursed for expended costs unless they were successful in the litigation. My opinion is that the hourly rates charged would have been reasonable even if they were charged on a straight hourly basis, not taking into account the risk the firm took on in pursuing this case without the assurance of payment unless it was successful in recovering money for the plaintiff.

3

15. My opinion is that the hourly rates, as stated on the invoices in this case, are entirely reasonable for attorneys of similar stature and skill in the community. The hourly rates stated in the invoices were as follows:

| Attorney | Rate |
| --- | --- |
| Robert Bennett | $600/hour |
| Ryan Vettleson | $350/hour |
| Andrew Noel | $350/hour |
| Jon Strauss | $350/hour |
| Jeff Storms | $265/hour |
| Paul Dworak | $180/hour |
| Brigid Volk | $125/hour |
| Monica Bordonaro | $100/hour |

16. It is also my opinion that meritorious civil rights cases might not be brought unless the attorneys representing the plaintiffs were assured they would be paid for successfully prosecuting those difficult and time-consuming cases.

FURTHER YOUR AFFIANT SAYETH NOT.

Eric Hageman

Subscribed and sworn to before me
this 21 day of DECEMBER, 2010.

Nanci A. Schmidt
Notary Public

NANCI A. SCHMIDT
Notary Public-Minnesota
My Commission Expires Jan 31, 2015