# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

No: 15-1682

Minnesota Majority

Minnesota Voters Alliance, et al.

Appellants

v.

Joe Mansky, in his official capacity as the Elections Manager for Ramsey County, et al.

Appellees

No: 15-1741

Minnesota Majority

Minnesota Voters Alliance, et al.

Appellees

v.

Joe Mansky, in his official capacity as the Elections Manager for Ramsey County, et al.

Steve Simon, in his official capacity as Secretary of State

Appellant

---

Appeals from U.S. District Court for the District of Minnesota - Minneapolis
(0:10-cv-04401-JNE)

---

**ORDER**

Pending are the appellants' motion for attorney fees and expenses, the Pacific Legal Foundation's motion for attorney fees for work in the Supreme Court, and appellants' motion for bill of costs.

Although the Pacific Legal Foundation initially requested slightly more, the parties, after briefing, agree that $569,087.50 is a reasonable fee for the Foundation's work in the Supreme

## EXHIBIT 16 - MOHRMAN DECLARATION

Court and the preparation of its fee motion.  After reviewing the accounting documentation, hourly rates, and declarations of counsel, this court finds this fee reasonable.

The appellants request $419,498.62 in attorney fees for Morhman, Kaardal & Erickson, P.A.  Of this, about $141,840 is for the same period when the Foundation was primary counsel during the petition and merits stage before the Supreme Court.  Emphasizing this overlap, the appellees request a one-half reduction of $70,920.00.  Appellees identify, however, only a few entries in MKE's billings.  This court finds that, in view of the undisputed expertise of the Foundation and the focus it brought to this case, some of MKE's hours for "legal research" during this period–the late stage of a seven-year litigation–are excessive, redundant, or otherwise unnecessary.  *See Miller v. Dugan*, 764 F.3d 826, 832 (8th Cir. 2014).  This amounts to a reduction of $5,055.

Appellees request a one-half reduction for fees related to an unsuccessful claim in the 2015 appeal to this court, and a one-quarter reduction for fees related to unsuccessful claims in the 2011 appeal.  The appellees are wrong.  This case always involved a common core of facts.  "A lawsuit . . . which includes several related legal theories based on a common core of facts, should not be viewed as a series of discrete causes of action, and compensation should not be awarded on a claim-by-claim basis."  *Hendrickson v. Branstad*, 934 F.2d 158, 164 (8th Cir. 1991).

Appellees request a $6,825 reduction for redundant work during the "transitioning" of the case from MKE to the Foundation, which really complains about numerous MKE communications and conferences with co-counsel Foundation attorneys, with no further explanation, over a three-month period.  The Foundation's request does not explicitly confirm these communications and conferences.  This court reduces the "transitioning" fees by half, by $3,412.50.  *See H.S., Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (authorizing fee reduction for incomplete, imprecise or vague billing entries).

Appellees request a two-thirds reduction of MKE's "fees-on-fees" for the fees incurred to prepare the motion for fees, attacking both the hourly rates and the number of hours.  Two MKE shareholders prepared most of the fees-on-fees motion   Appellees did not object to their hourly rates for the case itself, so this court rejects appellees' (unsupported) assertions about the hourly

EXHIBIT 16 - MOHRMAN DECLARATION

Appellate Case: 15-1682     Page: 2     Date Filed: 01/08/2019 Entry ID: 4743517

rates. As for the number of hours, appellees claim they are excessive by comparison to the Foundation's motion (that required half as many hours). However, the motions are not comparable, because the Foundation's motion covered only one year of work, while MKE's motion covered over seven years.

MKE counters by requesting $2,992.50 (for 13.3 hours) for its reply to the appellees' objections. This request is excessive compared to MKE's comprehensive, supported fees-on-fees request for $20,917.50 (for 47.6 hours). For its reply, MKE is awarded $1,496.25.

Finally, MKE's request is reduced by $631.92 for the travel expense of a paralegal and redundant parking costs to attend argument at the Supreme Court (in addition to Foundation and MKE attorneys).

MKE request $1,045.58 for costs. Appellees object to the award of costs for the 2015 appeal, asserting that the appellants prevailed only on the facial claim in the 2011 appeal. To the contrary, the 2015 appeal was required in order to litigate the facial claim in the Supreme Court.[1] MKE merits costs for both appeals.

In accordance with 42 U.S.C.§§ 1983, 1988; F.R.A.P. 39; and 8th Cir. Rules 39A, 47C, this court awards, with interest accruing from the date of this order:

| | |
|---|---|
| Pacific Legal Foundation | $569,087.50 for attorney fees |
| Mohrman, Kaardal & Erickson, P.A. | $411,895.45 for attorney fees and $   1,045.58 for costs |

---

[1] In a footnote, the Ramsey County defendants (Mansky and Choi) claim they cannot be liable for fees because the district court dismissed them on standing grounds during the second "as-applied" remand. In view of the Supreme court's invalidation of the statute on facial grounds, the Ramsey County defendants are also liable for attorney fees.

     The clerk of the United States District Court is directed to place these costs in the previously issued mandate.

January 08, 2019

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.
_____
     /s/ Michael E. Gans