UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nicole Madison, | Case No. 0:09-cv-00930-DWF-AJB |
| Plaintiff, | |
| vs. | **SUPPLEMENTAL AFFIDAVIT OF RYAN O. VETTLESON IN SUPPORT OF MOTION FOR ATTORNEY FEES AND COSTS** |
| Daniel Willis acting in his individual Capacity as a Minneapolis police officer, | |
| Defendant. | |

STATE OF MINNESOTA  )
                    ) ss.
COUNTY OF HENNEPIN  )

I, Ryan O. Vettleson, being first duly sworn on oath, depose and state as follows:

1. I am the lead counsel representing the plaintiff in connection with the above-entitled action. I make this supplemental affidavit in support of Plaintiff's Reply Memorandum in support of her motion for attorneys' fees and litigation expenses pursuant to 42 U.S.C. §1988.

2. Defendant had two attorneys at trial and at most depositions and meetings (and often phone conferences) between counsel, while Plaintiff generally only had one attorney present.

3. As evidenced by the bill in *Gill v. Maciejewski*, the trial lasted 3 days, and the trial court awarded over $239,000 in fees and costs.

4. In nearly every case in which we have received a narrative report or affidavit from a treating doctor, we have had to pay the doctor for the time spent preparing the report. Similarly, nearly every time we have deposed a treating doctor, we have had to pay the doctor for his or her time in appearing for the deposition—the notable exception being when a doctor is either a defendant or closely associated with a defendant (like an employee).

EXHIBIT 18 TO MOHRMAN DECLARATION

5. Plaintiff previously requested an additional $12,000 for work done on her fee motion after December 9, 2010. This request did not contemplate replying to Defendant's Response Memo, which necessitated a lengthy and detailed reply brief. As noted in Plaintiff's Memorandum in Support of her Motion for Attorney Fees, she is entitled to fees generated while litigating the fee petition. (Plaintiff's Memo at pp. 10-11.) Accordingly, plaintiff now requests an additional award of $11,700 ($23,700 - $12,000) to compensate plaintiff for this time. The time and hourly rates utilized between December 10, 2010, and January 14, 2011 are summarized as follows:

| ATTORNEY | HOURLY RATE | HOURS | TOTAL FEES |
|---|---|---|---|
| Robert Bennett | $600 | 3.1 | $1,860 |
| Ryan O. Vettleson | $350 | 62.4 | $21,840 |
| Total Additional Fees | | 65.5 | $23,700 |

6. With the addition of the above mentioned $11,700, and considering the reduction of the costs ($223.01) and fees ($569) plaintiff identified in her reply memorandum (totaling $792.01), plaintiff's total request for fees and costs in this matter under 42 U.S.C. § 1988 is as follows:

FGB attorney fees: $270,800 ($259,669 (original request) + $11,700 - $569 (withdrawn fees))

FGB costs: $10,388.57 ($10,611.58 - $223.01 withdrawn costs))

Total requested fees
and costs: $281,188.57

7. Attached hereto as Exhibit 1 is a true and correct copy of Defendant's Response Memo in *King v. Turner*.

8. Attached hereto as Exhibit 2 is a true and correct copy of the Order awarding fees in *Meir v. McCormack*, Ct. File No. 06-190 (D. Minn. Sept. 5, 2007.).

9. Attached hereto as Exhibit 3 is a true and correct copy of the bill submitted in *Gill v. Maciejewski*.

2

EXHIBIT 18 TO MOHRMAN DECLARATION

10. Attached hereto as Exhibit 4 is a true and correct copy of the Order approving the attorney fees in the class action *Robinson v. County of Ramsey*, Court File No. 08-5779 (D. Minn. Aug. 17, 2010), with the attachment showing the billing rates that were used.

11. Attached hereto as Exhibit 5 is a true and correct copy of the bill submitted in *King v. Turner*.

12. Attached hereto as Exhibit 6 is a true and correct copy of my own handwritten time sheet of 9/3/2010.

13. Attached hereto as Exhibit 7 is a true and correct copy of the billing entries in this case for additional attorney fees from December 10, 2010 to January 13, 2011. (These entries do not include Robert Bennett's time on December 10, 2010, which was included in the previous bill.) These entries show the time spent on preparing the fee motion papers and then on replying to Defendant's Response Memo.

14. Attached hereto as Exhibit 8 is a true and correct copy of the original reimbursement form for Brigid Volk detailing her mileage, lunch, and parking fees for attending trial.

15. Attached hereto as Exhibit 9 is a true and correct copy of the IRS Mileage Chart.

FURTHER YOUR AFFIANT SAYETH NOT.

                                                                               s/Ryan O. Vettleson
                                                                               Ryan O. Vettleson

Subscribed and sworn to before me
this 14th day of January, 2011.

Molly Olson
Notary Public

**EXHIBIT 18 TO MOHRMAN DECLARATION**