# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Voters Alliance, G & J Real Estate, Well Maintained Apartments, Garfield Court Partnership, LLP; Marissa Skaja, and Charles Halverson,<br><br>Plaintiffs,<br><br>vs.<br><br>The City of Saint Paul, Minnesota, a Minnesota municipality, and the City of Minneapolis, a Minnesota municipality,<br><br>Defendants. | Case No.: 19-CV-358 WMW-HB<br><br>**DANIEL J. BIERSDORF DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY FEES AND NON-TAXABLE COSTS** |

I, Daniel J. Biersdorf, make the following declaration under 28 U.S.C. §1746:

1. I am an attorney licensed to practice law in the State of Minnesota and have been so licensed since 1972. A copy of my resume from law firm's website is attached hereto as Exhibit 1.

2. I am submitting this Declaration in Support of Plaintiffs Minnesota Voters Alliance, G & J Real Estate, Well Maintained Apartments, Garfield Court Partnership, LLP; Marissa Skaja, and Charles Halverson's ("Plaintiffs") Motion for Attorney Fees pursuant to 42 U.S.C. §1988 as a result of their success in the above captioned action.

3. I am familiar with the typical rates and billing practices of attorneys litigating First Amendment and other complex issues in the Twin Cities market. This familiarity stems from my experience litigating cases in this market for over 37 years as a commercial litigation attorney in Minneapolis and the founding partner of my law firm,

Biersdorf & Associates, and from my involvement in numerous high-profile and complex cases, including both trial and appellate work, in Minnesota and at least fifteen other states. Moreover, my primary practice involves eminent domain work which by necessity involves constitutional issues arising out of the takings clause in the U.S. Constitution.

4. In preparing my opinion, I have discussed the case with William F. Mohrman and reviewed the docket sheets from the District Court. I have also reviewed the Complaint and memoranda the parties filed with the Court. As a result, I am familiar with the legal services performed by Mohrman, Kaardal & Erickson, P.A. in the above captioned action.

5. In addition, I have reviewed Mohrman, Kaardal & Erickson's Billing History Report For Attorney Fee Motion that is attached to the William F. Mohrman Declaration ("Mohrman Declaration") as Exhibit 1.

6. First, with respect to my knowledge of the skill and reputation of the attorneys at Mohrman, Kaardal & Erickson who represented the Plaintiffs, I know Mr. William F. Mohrman and Mr. Erick G. Kaardal as attorneys in the Twin Cities legal market, and am generally familiar with work they have performed as attorneys.

7. More specifically, I know that Mr. Mohrman was named as one of 10 "Attorneys of the Year" awarded by the Minnesota Lawyer, Minnesota's preeminent weekly legal publication, as a result of work as lead counsel to Mr. Gregory Wersal in the landmark *Republican Party of Minnesota, et al v. White* Supreme Court and Eighth Circuit decisions. Moreover, I know that Mr. Mohrman and his firm do litigation work

for clients such as TCF Bank and Wells Fargo Bank, and other business entities in the Upper Midwest.

8. Mr. Mohrman graduated Order of the Coif (top 10% of his class) from the University of Colorado School of Law in 1985. He began his legal career at Faegre & Benson LLP, the predecessor to Faegre Drinker, in Minneapolis in 1985 as an associate attorney. Mr. Mohrman went on to work for Winthrop & Weinstine and Felhaber, Larson, Fenlon & Vogt as an associate attorney. Both of these law firms are considered excellent law firms in the Minneapolis/St. Paul area. Mr. Mohrman became a shareholder with the Felhaber law firm in 1994. In 1998, Mr. Mohrman formed his own law firm, Mohrman & Company, P.A. In 2000, Mr. Kaardal joined Mr. Mohrman as a shareholder and formed Mohrman & Kaardal, P.A. In 2013, Mohrman & Kaardal, P.A. added Gregory M. Erickson, a partner at the former major Twin Cities law firm of Rider, Bennett, as a shareholder of Mohrman & Kaardal and thus changed the name of the firm to Mohrman, Kaardal & Erickson, P.A.

9. Mr. Kaardal graduated from the University of Chicago Law School in 1992. He began his legal career at Faegre & Benson LLP, the predecessor to Faegre Drinker in Minneapolis in 1992 as an associate attorney. Mr. Kaardal went on to work at Trimble & Associates in the Minneapolis area as an associate attorney. Trimble & Associates represented the Republican Party of Minnesota during the latter part of the 1990's and it is my understanding that Trimble & Associates is involved in representing political parties and public interest groups. In 2000, Mr. Kaardal joined Mr. Mohrman as a shareholder in forming Mohrman & Kaardal, P.A. In 2019, Mr. Kaardal was named one

3

of the Minnesota Lawyer's "Attorneys of the Year" based on his representation of the Plaintiffs before the U.S. Supreme Court in *Minnesota Voters All. v. Mansky*, 138 S. Ct. 1876 (2018).

10.  Mr. Mohrman and Mr. Kaardal have an excellent reputation in the legal community as set forth above. I know these lawyers to be experienced and skilled in complex litigation including constitutional civil rights litigation.

11.  As set forth above, I am the founding partner of Biersdorf & Associates, P.A. in Minneapolis. I have practiced law in the Minneapolis/St. Paul area for over 43 years. In conjunction with my practice, I have been required to be familiar with the rates charged by attorneys in the Minneapolis/St. Paul market for purposes of setting billing rates for myself and others at Biersdorf & Associates for various types of litigation including complex litigation. Obviously, such knowledge is critical for me and attorneys working for me to properly set our hourly rates at our law firm to compete in the market.

12.  In opining below on the prevailing market rate for the attorneys representing the Appellants, I relied on my knowledge of the attorneys representing the Plaintiffs as set forth above, my knowledge of Biersdorf & Associates' current billing rates for its attorneys who have similar background, experience, knowledge and reputation as Mr. Mohrman and Mr. Kaardal and my knowledge of the rates charged by Minneapolis law firms for attorneys at other law firms that compete against Biersdorf & Associates who have similar background, experience, knowledge and reputation as Mr. Mohrman and Mr. Kaardal.

13.  Based on my review of the case currently before the Court as set forth

above, my interview with Mr. Mohrman and my knowledge of the Minneapolis/St. Paul market for attorneys' fees, it is my opinion that the relevant community for determining the prevailing market rate under the lodestar method is the Minneapolis/St. Paul legal market. This is true for three reasons: (i) the issues in the case related to City ordinances in Minneapolis and St. Paul, (ii) the action was filed in the United States District Court in Minneapolis and (iii) Mohrman, Kaardal & Erickson's clients reside in or are located in the Minneapolis/St. Paul metropolitan area.

14. With respect to the prevailing market rates for the attorneys involved in this matter, based on my knowledge of the skill, knowledge, experience and reputation of Appellants' attorneys as set forth above and my experience and knowledge billing and charging clients in the Minneapolis market, my opinions are as follows.

15. It is my opinion that $600.00 per hour is a reasonable prevailing market rate for Mr. Mohrman in the Minneapolis/St. Paul market for performing complex constitutional litigation. This rate is well within the range of prevailing market rates for attorneys with similar background, experience, reputation and knowledge as Mr. Mohrman. My opinion is buttressed by my review of Exhibits 4-17 attached to the William F. Mohrman Declaration. Most notably, the fact that the Eighth Circuit approved Mr. Mohrman's hourly rate at $575 per hour only 19 months ago in *Minnesota Majority v. Mansky*, 849 F.3d 749 (8th Cir. 2017) in an Order entered on January 6, 2019 and attached as Exhibit 16 to the William F. Mohrman Declaration. In addition, I have reviewed Exhibit 9 attached to the Mohrman Declaration, *In re RFC,* 399 F. Supp. 3d 827, 848 (D. Minn. 2019), a U.S. District Court for the District of Minnesota decision

ruling on reasonable hourly rates in the Minneapolis/St. Paul market less than one year ago.  In *In re RFC,* Judge Susan Nelson approved a prevailing market rate under the lodestar method of $675 per hour for a senior litigation attorney.  Finally, I have reviewed *Madison v. Willis*, CIV. 09-930 DWF/AJB, 2011 WL 851479 (D. Minn. Mar. 9, 2011) attached as Exhibit 11 to the William F. Mohrman Declaration in which Judge Donovan Frank approved an hourly rate of $600 per hour for a senior attorney in Minneapolis.  This was nine years ago for an attorney who had the same number of years of experience at that time as Mr. Mohrman has today.

16.    It is my opinion that $550.00 per hour is a reasonable prevailing market rate for Mr. Kaardal in the Minneapolis/St. Paul market for performing complex constitutional litigation, and well within the range of prevailing market rates for attorneys with similar background, experience, reputation and knowledge as Mr. Kaardal.  My opinion is buttressed by the fact that the Eighth Circuit approved Mr. Kaardal's hourly rate at $525 per hour only 19 months ago *Minnesota Majority v. Mansky*, 849 F.3d 749 (8th Cir. 2017) in an Order entered on January 6, 2019 and attached as Exhibit 16 to the William F. Mohrman Declaration.  In addition, I have reviewed Exhibit 13 attached to the Mohrman Declaration, *Flores, et al. v. Zorbalas, et al.*, a Fourth Judicial District Court decision ruling on reasonable hourly rates in the Minneapolis/St. Paul market one month ago and Exhibit 14, the affidavit submitted by a Faegre Baker Daniel attorney supporting the rates.  In *Flores,* Judge Mary Vasaly approved a prevailing market rate under the lodestar method of $570 per hour for an attorney with only 19 years of experience.  *See,* Exhibits 13 at ¶14 and Exhibit 14 at p. 4-6.  Therefore, the prevailing hourly rate for Mr.

6

Kaardal, who has 28 years of experience, of $550 per hour is reasonable.

17.     There is no question that the results Mohrman, Kaardal & Erickson achieved on behalf of their clients were very significant.  Plaintiffs brought this action and sought one claim for relief – a declaratory judgment that the City's respective ordinances compelling landlords to deliver a message the Cities wanted delivered is unconstitutional.  Mohrman, Kaardal & Erickson achieved that result.

18.     Moreover, the claims of constitutionally were ones of first impression – whether laws requiring landlords to provide political messages to tenants, messages the government specifically approves, violates the free speech guarantee.  This work required review of case law across the country for court decisions regarding similar laws.  The relief obtained in this action will have significant impact on landlord tenant relationships nationwide.

19.     Finally, I have also reviewed the hourly charges by Mohrman, Kaardal & Erickson for its work in this case, along with the Complaint and the memoranda filed in the case.  Even if there were attorneys willing to take on civil rights matters of this nature, they would not be willing to do so unless confident that they would be reimbursed for their time at the prevailing market rate in this community and for the hours expended.

20.     I reviewed the time expended and the staffing of the case. I am of the opinion that the case was efficiently staffed and prosecuted. Much of the research was delegated to the person with the lowest rate still able to do a thorough and professional job. The time records indicate that the research, drafting, and editing was efficiently handled. There was no "block billing."

21. I reviewed the costs expended. The amount is reasonable and the expenses are of a nature that they would regularly be billed to clients.

22. The requested fee and cost reimbursement are in all respects reasonable and consistent with Rule 1.5 of the Minnesota Rules of Professional Conduct.

23. It is my opinion that the total number of hours charged on Mohrman, Kaardal & Erickson's Billing History Report are reasonable for this work. The total fee claimed of $195,955.50 is reasonable for the amount and difficulty of the work performed, particularly in light of the results obtained. It is my opinion that Mohrman, Kaardal & Erickson handled this matter efficiently, particularly given the difficulty of the case.

24. In conclusion, it is my opinion that the rates and hours for which Appellants' attorneys seek reimbursement are reasonable and appropriate based upon the standards established by 42 U.S.C § 1988.

I affirm under penalty of perjury that the foregoing is true and correct. Executed on this 15th day of May, 2020.

*s/Dan Biersdorf*
Dan Biersdorf