UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Minnesota Voters Alliance et al.,          Case No. 19-cv-0358 (WMW/HB)

         Plaintiffs,

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES**

v.

The City of Saint Paul et al.,

         Defendants.

---

This Court granted summary judgment to Plaintiffs in March 2020. In doing so, the Court declared two city ordinances, enacted by Defendants The City of Saint Paul and The City of Minneapolis, facially unconstitutional as a matter of law and enjoined Defendants from enforcing the ordinances. Plaintiffs now seek an order awarding them $214,054.96 in attorneys' fees and costs. (Dkt. 46.) Defendants contend that the amounts Plaintiffs seek are unreasonable. For the reasons addressed below, Plaintiffs' motion is granted in part and denied in part.

## BACKGROUND

Plaintiffs are several landlords in Minneapolis and Saint Paul as well as the Minnesota Voters Alliance, a Minnesota nonprofit organization whose membership comprises other landlords in Minneapolis and Saint Paul. In 2016, Minneapolis enacted an ordinance that requires landlords in the city to provide their new tenants voter-registration information. Saint Paul enacted a similar ordinance in 2018.

Plaintiffs commenced this lawsuit in February 2019, challenging the constitutionality of Defendants' respective ordinances. Plaintiffs' two-count complaint alleges that Defendants' ordinances compel landlords to speak in violation of their free-speech rights protected by the First Amendment to the United States Constitution. Following an abbreviated period of informal discovery, the parties cross-moved for summary judgment. The Court granted Plaintiffs' motion for summary judgment and denied Defendants' motion for summary judgment. In doing so, the Court declared the two challenged ordinances facially unconstitutional as a matter of law and permanently enjoined Defendants from enforcing the ordinances.

Plaintiffs now move for an order awarding them $214,054.96 in attorneys' fees and costs.[1] This amount includes $195,955.50 in attorneys' fees and $793.16 in costs for work performed prior to the Court's March 2, 2020 Order and an additional $17,267 in attorneys' fees and $39.30 in costs for work performed preparing the pending motion for attorneys' fees and costs. Plaintiffs also seek post-judgment interest on any amount awarded by the Court. Defendants do not dispute that Plaintiffs are prevailing parties and, therefore, entitled to seek reasonable attorneys' fees and costs. But Defendants argue that the hourly rates of Plaintiffs' counsel are excessive and lack adequate evidentiary support, the requested amount of attorneys' fees is unreasonable and excessive, and Plaintiffs' fee petition is too vague to support the amount sought.

---

[1]     Plaintiffs, in their motion for attorneys' fees, seek a total award of $209,759.96. In their reply brief, Plaintiffs request an additional $4,295 for the fees incurred preparing the reply brief. Together, these amounts equal $214,054.96. But Plaintiffs' reply brief inexplicably requests "a total of $215,054.96." The Court corrects Plaintiffs' apparent mathematical errors and tethers its analysis to the record evidence.

## ANALYSIS

### I.     Attorneys' Fees

In a Section 1988 case involving the vindication of civil rights, a district court may, in its discretion, allow the prevailing party to recover reasonable attorneys' fees and costs. 42 U.S.C. § 1988(b). A "prevailing party" is a party that "has been awarded some relief by the court" as to the merits of at least some of that party's claims. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see, e.g.*, *Lefemine v. Wideman*, 568 U.S. 1, 4–5 (2012) (concluding that plaintiff was "a prevailing party" entitled to seek attorneys' fees after the district court granted declaratory and injunctive relief in plaintiff's favor). Here, Defendants do not dispute that Plaintiffs are prevailing parties. Indeed, the Court granted Plaintiffs the full scope of declaratory and injunctive relief they sought as to both counts of their complaint. As such, the Court may, in its discretion, award Plaintiffs reasonable attorneys' fees. 42 U.S.C. § 1988(b).

A district court has substantial discretion when determining the reasonableness of attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084–85 (8th Cir. 2000). The burden of establishing that the fees sought are reasonable rests with the party seeking attorneys' fees. *Hensley*, 461 U.S. at 433–34. Courts employ the lodestar method when determining the amount of reasonable attorneys' fees. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563–64 (1986). Under this method, the lodestar amount is presumed to be the reasonable fee to which counsel is entitled. *Id.* at 564; *McDonald v. Armontrout*, 860

F.2d 1456, 1458 (8th Cir. 1988).   To calculate the lodestar amount, a district court multiplies the number of hours reasonably expended by a reasonable hourly rate, *Hensley*, 461 U.S. at 433, which must be "in line with [the] prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).   The party seeking an attorneys' fees award has the burden to establish entitlement to an award with documentation that addresses the nature of the work and the appropriateness of the hourly rates and hours expended.   *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley*, 461 U.S. at 437).

Plaintiffs seek $213,222.50 in attorneys' fees.   As reflected in Plaintiffs' counsel's billing records, this amount is based on 473.4 hours of work[2] performed by two attorneys, at hourly rates of $550 and $600, and one paralegal, at an hourly rate of $230. Defendants dispute the reasonableness of both the claimed hourly rates and the number of hours expended by Plaintiffs' counsel.   The Court addresses each argument in turn.

A.    **Hourly Rates**

Plaintiffs seek attorneys' fees for the work of two attorneys, William F. Mohrman and Erick G. Kaardal, and one paralegal, John E. Grzybek.   With nearly 35 years of experience, Mohrman claims an hourly billing rate of $600.   With nearly 28 years of experience, Kaardal claims an hourly billing rate of $550.   And with nearly 37 years of experience, Grzybek claims an hourly billing rate of $230.   Defendants contend that

---

[2]     Plaintiffs' counsel's billing records reflect a total of 474.9 hours of work, but this includes 1.5 hours of work for which counsel did not charge their clients.   The Court has deducted uncharged work from its calculations.

Plaintiffs' "top-of-market" hourly billing rates are unsupported by the record and grossly inflated.

A district court may rely on its experience and knowledge of prevailing market rates to determine whether the claimed hourly rate is reasonable. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). But the party seeking attorneys' fees must "produce satisfactory evidence—*in addition to the attorney's own affidavits*—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11 (emphasis added). A reasonable fee is "one that is adequate to attract competent counsel, but . . . [that does] not produce windfalls to attorneys." *McDonald*, 860 F.2d at 1458 (quoting *Blum*, 465 U.S. at 897). The "skill, experience, and reputation of counsel are key factors bearing on a rate's reasonableness." *Id.* at 1459.

In support of the reasonableness of the claimed billing rates, Plaintiffs rely in part on *Minnesota Voters Alliance v. Mansky*, No. 15-1682 (8th Cir. Jan. 8, 2019), in which the United States Court of Appeals for the Eighth Circuit awarded fees to Mohrman, Kaardal, and Grzybek based on hourly rates of $575, $525, and $225, respectively. The *Mansky* case, like this case, involved a constitutional challenge to a Minnesota law on First Amendment grounds. In this case, Plaintiffs claim hourly billing rates for Mohrman and Kaardal that are $25 higher than the hourly billing rates in *Mansky*.[3] In support of

---

[3]     Plaintiffs also claim an hourly billing rate for Grzybek that is $5 higher than the hourly billing rate in *Mansky*.

this increase, Plaintiffs cite a February 11, 2020 article in *The American Lawyer* reporting "lawyer billing rate growth of 4.5%" in the United States in 2019.

Plaintiffs also rely on other cases from this District awarding attorneys' fees based on comparable hourly billing rates. *See, e.g.*, *Harris v. Chipotle Mexican Grill, Inc.*, No. 13-cv-1719 (SRN/SER), 2018 WL 617972, at *8 (D. Minn. Jan. 29, 2018) (concluding that hourly billing rates of $525 to $575 were reasonable for civil litigators with 24 to 35 years of experience); *Owner-Operator Indep. Drivers Ass'n, Inc. v. Supervalu, Inc.*, No. 05-2809 (JRT/JJG), 2012 WL 6760098, at *7 (D. Minn. Sept. 30, 2012) (concluding that hourly billing rate of $495 was reasonable for civil litigators with 23 to 46 years of experience and observing that "rates as high as $600 per hour for senior, experienced attorneys have recently been approved by the courts of Minnesota"); *Schaub v. County of Olmsted*, No. 06-2725 (JRT/FLN), 2011 WL 3664565, at *3 (D. Minn. Aug. 19, 2011) (concluding that hourly billing rates between $450 and $550 were "similar to those recently deemed reasonable in civil rights enforcement actions and related cases in this district," and collecting cases approving hourly billing rates of up to $600). Notably, *Schaub*, like this case, involved constitutional violations and the vindication of the plaintiff's civil rights.[4]

In addition, Plaintiffs rely on the sworn declaration of Daniel J. Biersdorf, a civil litigator who is not involved in this case. Biersdorf has been licensed to practice law in

---

[4]     It is true that the *Harris* and *Owner-Operator* cases were class-action lawsuits that involved legal issues, procedural histories, and case complexities that differ from this case. These cases nonetheless involved civil litigators practicing in Minnesota federal court with significant experience. And *Owner-Operator*—like this case—involved an issue of first impression.

Minnesota since 1972 and has experience litigating constitutional claims.  And Biersdorf contends that he is familiar with the legal services performed by Plaintiffs' counsel in this case, the reputations of Plaintiffs' counsel, and the "typical rates and billing practices of attorneys litigating First Amendment and other complex issues in the Twin Cities market."  In Biersdorf's opinion, the hourly billing rates claimed by Plaintiffs' counsel in this case are "reasonable prevailing market rate[s]" for performing the type of work involved in this case and "well within the range of prevailing market rates for attorneys with similar background, experience, reputation and knowledge" as Plaintiffs' counsel in this case.

Defendants argue that Plaintiffs seek "what is undeniably a top-of-market rate" and that the "information provided does not adequately substantiate a basis for the claimed rate as reasonable."  But aside from these conclusory critiques, Defendants offer nothing specific to counter or undermine Plaintiffs' evidence and arguments.  For instance, Defendants do not attempt to meaningfully distinguish the cases on which Plaintiffs rely, challenge the accuracy or credibility of Plaintiffs' exhibits and declarations, or present counter-evidence or case law demonstrating that a lower hourly billing rate is more reasonable in this case.[5]  Although Defendants argue that the hourly

---

[5]     Defendants cite *Flowers v. Thunder*, No. 12-1881 (MJD/SER) (D. Minn. Oct. 21, 2014), in which the plaintiff sought attorneys' fees based on an hourly billing rate of $450.  But Defendants make no effort to compare *Flowers* or the attorneys in *Flowers* to this case or Plaintiffs' counsel in this case.  And Defendants concede that the hourly billing rates sought in this case are only "slightly higher" than in *Flowers*.  As Plaintiffs correctly observe in their reply brief, the lead attorney in *Flowers* had only 12 years of experience—less than half that of Plaintiffs' counsel in this case—and *Flowers* involved

billing rates for Kaardal and Grzybek should be reduced by 25 percent, Defendants offer no explanation for how they arrived at that blanket reduction, nor do they specifically propose reducing Mohrman's hourly billing rate.

In summary, Plaintiffs' evidence and the Court's experience and knowledge of prevailing market rates establish that Plaintiffs' claimed hourly billing rates "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11.   And Defendants have not persuasively demonstrated otherwise.   Accordingly, Plaintiffs' claimed hourly billing rates are reasonable.

### B.    Number of Hours Expended

Plaintiffs seek attorneys' fees for 474.9 hours of work performed in connection with this case.  Defendants contend that the number of hours expended by Plaintiffs' counsel is unreasonably excessive and that Plaintiffs' billing records are too vague and nonspecific to support the amount of attorneys' fees Plaintiffs seek.

When conducting a lodestar analysis, a district court should exclude "hours that were not reasonably expended." *Hensley*, 461 U.S. at 434 (internal quotation marks omitted).  As such, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.*  In addition, because incomplete or imprecise billing records may prevent a district court from meaningfully reviewing a request for excessive, redundant,

---

prevailing market rates in 2014 as opposed to 2020.  As such, *Flowers* does not demonstrate that the hourly billing rates sought in this case are unreasonable.

or otherwise unnecessary hours, "[i]nadequate documentation may warrant a reduced fee." *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991).

Here, Defendants challenge several aspects of Plaintiffs' counsel's billing records, arguing that a reduction in the requested attorneys' fees is warranted because excessive time was spent preparing Plaintiffs' complaint, preparing Plaintiffs' opening summary judgment brief, and preparing for oral argument. Defendants also contend that some of Plaintiffs' counsel's billing entries are "vague and non-specific." The Court addresses each alleged deficiency in turn.

### 1. Preparing the Complaint

Plaintiffs' billing records reflect that, from October 2018 through February 2019, counsel spent approximately 159 hours preparing and filing the complaint, for a total of $71,142 in attorneys' fees. These time entries include approximately 8 hours counsel spent conferring with clients, approximately 11 hours counsel spent conferring among themselves, approximately 79 hours counsel spent conducting legal and factual research, and approximately 61 hours counsel spent drafting and revising the complaint.

Plaintiffs' complaint is 32 pages and includes 139 numbered paragraphs. Although the complaint asserts two counts, the counts are substantially similar in that Count I alleges that Saint Paul's ordinance violates Plaintiffs' free-speech rights in violation of the First Amendment and Count II alleges the same violation as to Minneapolis's similar ordinance. Notably, at least 40 paragraphs in Count I of the complaint—nearly one-third of the entire complaint—are either identical or substantially similar to paragraphs found in Count II of the complaint. And the complaint does not

contain an unusually extensive or complex recitation of factual or legal background. Rather, the complaint primarily references the two relatively short city ordinances at issue and general, long-established legal principles pertaining to the First Amendment and applicable civil-rights statutes.

It is true that Plaintiffs' complaint contains several paragraphs with factual details about the enactment of the challenged ordinances, including city council meeting records. And some legal research that is essential to preparing a viable complaint—for example, research pertaining to standing or pleading requirements—will not necessarily be overtly referenced in the final document. Even experienced attorneys often must conduct such research to represent their clients effectively. But the relative length and complexity of Plaintiffs' complaint in this case do not warrant the nearly 160 hours counsel spent preparing it—nearly 140 hours of which counsel spent researching and drafting.

Accordingly, the Court reduces the fees sought by Plaintiffs' counsel for work performed in connection with preparing the complaint. Defendants seek a 75 percent reduction. The Court concludes that a 50 percent reduction is a reasonable reduction. Consequently, the Court reduces this aspect of the attorneys' fees Plaintiffs seek from $71,142 to a reasonable amount of $35,571.

## 2. Preparing Summary Judgment Motion Filings

Plaintiffs' billing records reflect that, from March 2019 through September 2019, counsel spent approximately 240 hours conducting limited discovery and preparing and filing Plaintiffs' motion for summary judgment and supporting documents, for a total of $115,664 in attorneys' fees. These time entries include approximately 9 hours counsel

spent conferring with clients, approximately 13 hours counsel spent conferring among themselves, approximately 73 hours counsel spent conducting research, and approximately 114 hours counsel spent drafting and revising the motion for summary judgment and supporting documents.

Plaintiffs' brief in support of its motion for summary judgment is a 51-page document, and Plaintiffs also filed eight declarations and numerous exhibits.  Only two causes of action were at issue, and each involved essentially identical legal analyses.  The parties' legal dispute, however, involved significant issues of first impression and nuanced disagreements as to the applicable standard of review.  As such, a meaningful amount of preparation on the part of Plaintiffs' counsel was reasonably warranted.

Some aspects of Plaintiffs' billing records, however, suggest that counsel undertook excessive or unnecessary work.  Notably, the facts at issue were neither voluminous nor complex.  Indeed, the informal discovery period in this case lasted fewer than four months and involved relatively few documents, no motion practice, no depositions, and no expert discovery.  As such, the majority of Plaintiffs' summary judgment preparation involved legal research and drafting, on which counsel collectively spent approximately 187 hours.  Many of counsel's research-related time entries are vague or non-specific.  But Plaintiffs' billing records reflect that at least 10 hours of this time included researching issues that are not germane to the parties' summary judgment arguments, such as standing and the federal pleading standard.  These are issues that, according to Plaintiffs' billing records, counsel previously had researched extensively when preparing the complaint.  In addition, counsel spent approximately 5 hours—at an

hourly rate of $550—drafting and revising non-substantive motion papers, including a notice of hearing, and researching this District's Local Rules.  These entries suggest that at least some of the approximately 187 hours that counsel spent researching and drafting Plaintiffs' summary judgment filings—including some of the vague time entries that cannot be meaningfully reviewed—were unreasonably excessive or unnecessary.

Accordingly, the Court reduces the fees sought by Plaintiffs' counsel for work performed in connection with preparing Plaintiffs' summary judgment motion.  Although Defendants seek a 75 percent reduction, a 20 percent reduction is reasonable in light of the foregoing analysis.  Consequently, the Court reduces this aspect of the attorneys' fees Plaintiffs seek from $105,664 to a reasonable amount of $84,531.20.

### 3.  Preparing for Oral Argument

Plaintiffs' billing records reflect that, after summary judgment briefing was complete, counsel spent approximately 30 hours preparing for oral argument prior to the December 12, 2019 hearing on the parties' cross-motions for summary judgment.  This work amounts to $16,652.50 in attorneys' fees.

Argument preparation is important and can be time consuming.  But spending 30 hours preparing for one oral argument, involving primarily one legal issue and a narrow set of facts, is patently excessive.  Given that Plaintiffs' experienced counsel spent significant time preparing both the complaint and the summary judgment briefing in the months prior to the hearing, counsel should have been well-versed in the relevant legal and factual issues and arguments without requiring 30 hours to prepare for the hearing.

The Court reduces the fees sought by Plaintiffs' counsel for work performed preparing for oral argument on the cross-motions for summary judgment. Defendants seek a 75 percent reduction, which is reasonable in light of the foregoing analysis. Consequently, the Court reduces this aspect of the attorneys' fees Plaintiffs seek from $16,652.50 to a reasonable amount of $4,163.13.

### 4. Vague Billing Entries

Defendants also argue that Plaintiffs' billing records are not sufficiently specific, and that "frequently the time descriptions are too vague to properly determine the task completed or the task's purpose in relation to this litigation." The specific examples of these deficiencies that Defendants identify pertain to several billing entries in which counsel's work is described as "[d]raft and revise complaint."

It is true that incomplete or imprecise billing records that prevent a district court from meaningfully reviewing the request for excessive, redundant, or otherwise unnecessary hours "may warrant a reduced fee." *H.J. Inc.*, 925 F.2d at 260. Here, some of Plaintiffs' billing entries are described relatively broadly, such as "[l]egal research on government speech issues" and "[r]evise summary judgment memorandum based on research." Significantly, however, this is not a case in which Plaintiffs obtained only partial relief, such that an attorneys' fee award must be limited to only those aspects of the case on which Plaintiffs prevailed. Rather, Plaintiffs obtained full relief on the merits of their claims and are entitled to seek reasonable attorneys' fees as to the entire litigation. The procedural history in this case is relatively straightforward. There was not a protracted period of complex discovery or motion practice. Plaintiffs prepared and filed

their complaint, engaged in several months of informal discovery that involved no apparent disputes, briefed and argued cross-motions for summary judgment, and briefed the pending motion for attorneys' fees. Plaintiffs' billing entries largely pertain to these essential stages of this litigation. In these circumstances, the relative lack of specificity in some of Plaintiffs' billing entries does not warrant a reduction. The Court can reasonably infer from the billing entries the nature and purpose of the work performed and evaluate whether that work was reasonably necessary, as reflected by the Court's analysis.

Accordingly, the Court does *not* reduce the fees sought by Plaintiffs' counsel based on the purported vagueness of Plaintiffs' billing entries.

In summary, the attorneys' fees sought by Plaintiffs' counsel are reduced, in part, as follows: (1) the attorneys' fees Plaintiffs seek for preparing the complaint are reduced from $71,142 to a reasonable amount of $35,571; (2) the attorneys' fees Plaintiffs seek for preparing summary judgment motion filings are reduced from $105,664 to a reasonable amount of $84,531.20; and (3) the attorneys' fees Plaintiffs seek for oral argument preparation are reduced from $16,652.50 to a reasonable amount of $4,163.13. In total, the Court deducts $69,193.17 from the $213,222.50 in attorneys' fees sought by Plaintiffs, for an adjusted total of $144,029.33 in reasonable attorneys' fees.

## II.    Costs

In a Section 1988 case involving the vindication of civil rights, a prevailing party also may recover costs. 42 U.S.C. § 1988(b). The declarations and exhibits submitted in support of Plaintiffs' motion for attorneys' fees and costs establish that Plaintiffs incurred

costs in the amount of $832.46, which Defendants do not dispute.  Accordingly, Plaintiffs are awarded costs in that amount.

### III.    Post-Judgment Interest

Under federal law, post-judgment interest is mandatory.  28 U.S.C. § 1961(a) (providing that post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court"); *see also Hillside Enters. v. Carlisle Corp.*, 69 F.3d 1410, 1416 (8th Cir. 1995).  "The phrase 'any money judgment' in section 1961(a) is construed as including a judgment awarding attorneys' fees." *Jenkins by Agyei v. Missouri*, 931 F.2d 1273, 1275 (8th Cir. 1991).  Post-judgment interest is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."  28 U.S.C. § 1961(a).  As such, Plaintiffs' request for post-judgment interest is granted at the rate set by Section 1961(a).

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.    Plaintiffs' motion for attorneys' fees, (Dkt. 46), is **GRANTED IN PART AND DENIED IN PART** as addressed herein.

2.    Plaintiffs are awarded attorneys' fees, costs, and post-judgment interest in the following amounts:

a.  $144,029.33 in reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b);

b.  $832.46 in costs pursuant to 42 U.S.C. § 1988(b); and

     c.  Post-judgment interest on the total judgment amount of $144,861.79, calculated pursuant to the formula set forth in 28 U.S.C. § 1961.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 23, 2021                    s/Wilhelmina M. Wright

                                              Wilhelmina M. Wright
                                              United States District Judge